James Beacher GEORGE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15853.

United States Court of Appeals Ninth Circuit.

Nov. 14, 1958.

1. Sharp v. Lucky, D.C., 148 F.Supp. 8.

2. Sharp v. Lucky 5 Cir., 252 F.2d 910.

3. Sharp v. Lucky, D.C., 165 F.Supp. 405.

Crispus A. Wright, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Leila F. Bulgrin, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and JERTBERG, Circuit Judges.

PER CURIAM.

█ George was indicted and convicted on five counts of selling narcotics. He claims that the evidence was insufficient to support a conviction. Inasmuch as the sales were made, according to the testimony, on October 4, 1956, November 1, 1956, December 14, 1956, January 4, 1957, and January 17, 1957, and were made to three different individuals, there is no basis for this claim. The testimony as to each count was substantial, quite detailed and of such a nature that the jury was entitled to find defendant guilty beyond a reasonable doubt. Appellant also claims there was error in that the court admonished his counsel to quit fawning and flirting and trying to curry favor with the jury. But the record shows that the admonition was given to counsel when the jury was not present. It could therefore have had no prejudicial effect. The trial judge is under a heavy responsibility to see that a case is properly tried. The statement of the judge contained findings of fact as to what the conduct of counsel for appellant had been. This was not error, but highly commendable. The court imposed sentences on the different counts of the indictment.

"The trial judge sentenced the appellant to the custody of the Attorney General for imprisonment for a period of twenty years and to pay a $5,000 fine on Count One, the appellant to stand committed until the fine was paid or he was otherwise discharged; for imprisonment for twenty years on Count Two; said twenty-year sentences on Counts One and Two to commence and run concurrently; for imprisonment for twenty years on Count Three; twenty years on Count Four; twenty years on Count Five; the said twenty-year sentences imposed under Counts Three, Four, and Five to commence and run consecutively to the time imposed on Counts One and Two and consecutively to each other, for a total period of imprisonment of eighty years."

█ This Court has consistently held that the matter of sentencing is within the discretion of the trial court and not reviewable by an appellate court so long as the sentence falls within the bounds prescribed by statute.

Affirmed.