**UNITED STATES of America,
Appellee,**

v.

**Thomas Henry SZYMANSKI, Appellant.**

**No. 25724.**

United States Court of Appeals,
Ninth Circuit.

Sept. 1, 1970.

Mark T. Susnow (argued), San Francisco, Cal., for appellant.

John G. Milano (argued), Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., Jerrold M. Ladar, Chief, Criminal Div., San Francisco, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Defendant was convicted of a charge under the White Slave Traffic Act involving the transportation of a woman from Seattle, Washington to San Francisco, California on December 30, 1966. Defendant complains that there was no direct proof that prostitution at the destination was a dominant motive for the interstate journey, Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944). There was, nevertheless, ample evidence from which the jury could fairly draw this inference, which is all that is required.

Defendant also assigns as error the reception of evidence regarding occurrences in January, 1968, demonstrating defendant's activities as a pimp and associations with the apartment used as a house of prostitution and with the two prostitutes named in the indictment. The objection that the evidence was too remote in time to be properly admitted as

Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

relevant to the intent on the dates of the transportations and had as its principal impact the characterization of defendant as an unsavory character to his prejudice has a surface appeal. But in the context of this case, the evidence was properly received under the limiting instruction given by the Court. A witness had identified a San Francisco customer or "trick" list which she had given defendant before the first alleged transportation to San Francisco. This list was found in the San Francisco apartment when it was searched after defendant had abandoned the apartment. It was the most cogent evidence of the dominant motive for the journeys from Seattle to San Francisco. The evidence complained of was needed to prove defendant's connection with the trick list found in the apartment and to prove that these particular prostitutes were using the list he had obtained in Seattle, and the Court properly exercised its discretion in admitting the evidence.

Affirmed.