**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eugene Billy JAMES, Defendant-**
**Appellant.**

**No. 26762.**

United States Court of Appeals,
Ninth Circuit.

May 28, 1971.

Rehearing Denied June 24, 1971.

C. James Judson (argued), of Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for defendant-appellant.

Jack C. Wong (argued), Asst. U. S. Atty., Portland, Or., Stan Pitkin, U. S.

Atty., Seattle, Wash., for plaintiff-appellee.

Before JERTBERG, ELY and KILKENNY, Circuit Judges.

PER CURIAM:

By Count II of an indictment, appellant was charged and later convicted by a jury of violating 26 U.S.C. § 5861(d), in that he did possess a 20-gauge automatic Remington shotgun, Model 11, Serial No. 1035377, with a barrel length of 14½ inches, which had not been registered to him in the National Firearms Registration and Transfer Record maintained under 26 U.S.C. § 5841.

Section 5861(d) provides in pertinent part that it shall be unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

Appellant was sentenced to the custody of the Attorney General for a term of five years, "said sentence to run consecutively to the one which he [appellant] is obliged to serve with the State." Later the district court modified the sentence to provide that the same be served under the provisions of 18 U.S.C. § 4208(a) (2).

Following the commencement of the trial, appellant moved to strike Count II of the indictment on the ground that such count was violative of the appellant's Fifth Amendment right not to incriminate himself. This motion was denied, and at the close of the trial the jury returned its verdict of guilty as to Count II.

On this appeal, appellant urges that the district court erred in denying his motion to strike Count II of the indictment; that the evidence was insufficient to establish appellant's receipt or possession of the firearm in question; and that the district court erred in sentencing procedures adopted by it. Appellant concedes that the firearm in question was of a type which required registration in the National Firearms Registration and Transfer Record.

At oral argument appellant conceded that the decision of the Supreme Court in United States v. Freed et al., 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (decided April 5, 1971), undermined completely his contention that Section 5861(d) was violative of his Fifth Amendment rights not to incriminate himself. On the authority of *Freed*, and for the reasons stated therein, we reject appellant's contention that the district court erred in denying his motion to strike Count II of the indictment.

We have reviewed the record and find without merit appellant's contention that the evidence was insufficient to establish his guilt.

Finally, appellant contends that allegedly improper procedures were adopted in the sentencing of appellant which require remand of the cause to the district court for resentencing. We do not agree.

Initially it should be stated that the imposed sentence of five years is well within the statutory limits prescribed by 26 U.S.C. § 5871, which provides for a fine not more than $10,000, or imprisonment for not more than ten years, or both. This court has consistently held that the matter of sentencing is within the discretion of the trial court and not reviewable by an appellate court so long as the sentence falls within the bounds prescribed by statute. See Westover v. United States, 394 F.2d 164 (9th Cir. 1968); Young v. United States, 286 F.2d 13 (9th Cir. 1960), cert. den. 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259 (1961), and George v. United States, 266 F.2d 343 (9th Cir. 1958), cert. den. 364 U.S. 923, 81 S.Ct. 289, 5 L.Ed.2d 262 (1960), rehrg. den. 365 U.S. 825, 81 S.Ct. 702, 5 L.Ed.2d 704, cert. den. 368 U.S. 857, 82 S.Ct. 97, 7 L.Ed.2d 55 (1961).

The judgment appealed from is affirmed.