**UNITED STATES of America,**
**Appellee,**

**v.**

**Lester Irving CRANDALL, Defendant,**
**Appellant.**

**No. 71–1212.**

United States Court of Appeals,
First Circuit.

Heard Jan. 3, 1972.

Jan. 17, 1972.

Decided Jan. 17, 1972.

Norman S. Reef, Portland, Me., by appointment of the Court, for appellant.

Kevin M. Cuddy, Asst. U. S. Atty., with whom Peter Mills, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In spite of able argument by defendant's counsel we consider this appeal to be lacking in merit. Defendant's motion for acquittal was denied, and thereafter he was found guilty of making a false statement, to wit, of supplying a false name, address, and date of birth in connection with his acquisition of a firearm. 18 U.S.C. § 922(a) (6). Following a denial of two motions for new trial on the basis of newly discovered evidence, he appeals.

Defendant's primary contention is that the misrepresentation was not one of a "fact material to the lawfulness of the sale," [1] because, although the jury

---

1. "Section 922(a) It shall be unlawful—
   "(6) for any person in connection with

the acquisition or attempted acquisition of any firearm or ammunition from a li-

could find that defendant did misrepresent his identity, in actual fact, regardless of name, he was not a prohibited buyer within section 922, subsections (b) and (d). Hence, he says, the misrepresentation was not material. In making this contention defendant overlooks subsection (5) of section (b) which makes the sale unlawful, without limitation, in every case, unless the seller records the "name, age, and place of residence" of the purchaser.[2] It follows from the fact that the sale is illegal unless these matters are correctly recorded, that their misstatement is a misrepresentation of a "fact material to the lawfulness of the sale." For confirmatory legislative history, see 1968 U.S.Code Cong. & Adm.News p. 4419.

With respect to both motions for new trial defendant takes the position that if the new evidence, if believed by the jury, would be likely to produce a different result, the district court erred in not granting a new trial. Defendant's burden is greater than this. In United States v. Johnson, 1946, 327 U.S. 106, 111, 66 S.Ct. 464, 466, 90 L.Ed. 562, the Court, in holding that a trial court need not reopen on the basis of such evidence if it did not credit it, and that the appeal from such determination was "devoid of merit," observed,

"[T]he orderly administration of criminal justice [requires] that findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence remain undisturbed except for most extraordinary circumstances. . . . ."

*See also* United States v. Silverman, 2 Cir., 1970, 430 F.2d 106, 119–120, cert. denied 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123; Jones v. United States, 4 Cir., 1960, 279 F.2d 433, 435–436, cert. denied *sub nom.* Accardo v. United States, 364 U.S. 893, 81 S.Ct. 226, 5 L.Ed.2d 190. There are no extraordinary circumstances in the case at bar. The court was as entitled to resolve a disagreement between expert witnesses as any other. Its finding defendant's new evidence unpersuasive ends the matter.

■ Defendant next contends that 18 U.S.C. Chapter 44 (Firearms) is unconstitutional as applied in this case. He relies on United States v. Bass, 2 Cir., 1970, 434 F.2d 1296, which has since been modified by the Supreme Court in United States v. Bass, 1971, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488. The Court's ruling in *Bass*, that to establish a violation of 18 U.S.C. App. § 1202(a) proof that the receipt, possession or transportation of a firearm must involve interstate commerce, has no effect upon 18 U.S.C. § 922(b). Section 922(b) contains no analogous language from which a requirement that the transaction be in interstate commerce could be inferred. Nor does the absence of such a requirement render section 922(b) unconstitutional. That section regulates transactions with licensed dealers, whose general involvement with interstate commerce is ample to justify federal regulation of even their intrastate sales. *See* Katzenbach v. McClung, 1964, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290; White v.

---

censed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any *fact material to the lawfulness of the sale* or other disposition of such firearm or ammunition *under the provisions of this chapter*."

2. "18 U.S.C. § 922(b) It shall be unlawful for any . . . licensed dealer . . . to sell or deliver—

"(5) any firearm or ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity."

United States, 1 Cir., 1968, 395 F.2d 5, cert. denied 393 U.S. 928, 89 S.Ct. 260, 21 L.Ed.2d 266.

■ The verdict was warranted on the evidence. The fact that the testimony of the government's principal witness may have been thought somewhat inconsistent did not bar its acceptance by the jury.

Affirmed.