**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry J. GUDGER, Defendant-Appellant.**

**No. 72–2003.**

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1972.

---

3. § 518(b) forbids judicial review of administrative remedies under that section.

J. V. Eskenazi, Federal Public Defender (Court appointed), Peter Koste, Asst. Fed. Public Defender, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Bruce E. Wagner, Robert C. Byrne, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before RIVES, WISDOM and RONEY, Circuit Judges.

RIVES, Circuit Judge:

The jury found the defendant guilty under a one-count indictment which charged that

"JERRY J. GUDGER

in connection with the acquisition of a firearm, to wit, one 30 caliber Plainfield M-1 Carbine, bearing serial number 15932, from a licensed dealer, Dud's Gun Shop, did knowingly make a false written statement, misrepresenting identification with respect to the transaction, by presenting a fictitious address, '4325 Collins, Miami

Beach, Florida' to the dealer, said false written statement intended to deceive such dealer with respect to a material fact to the lawfulness of the sale, and disposition of such firearm, in violation of Title 18, United States Code, Section 922(a)(6)." [Rec. p. 180]

The district court sentenced him to 57 days' imprisonment. The sole issue on appeal is whether the court erred in denying the defendant's motion for judgment of acquittal. Decision of that issue turns on the meaning of the phrase "with respect to a material fact to the lawfulness of the sale" as that phrase is used in the indictment.

The testimony revealed that the address "4325 Collins, Miami Beach, Florida," was fictitious, but there was no evidence to refute the defendant's claim of Florida residency. Under similar facts the District Court of New Hampshire granted a defendant's motion for judgment of acquittal, reasoning as follows:

"The gravamen of the crime under 18 U.S.C. § 922(a)(6) is making or furnishing or exhibiting 'any false, fictitious, or misrepresented identification, intended or likely to deceive such * * * dealer, * * * with respect to *any fact material to the lawfulness of the sale.* * * *' [Emphasis added.] I assume, for purposes of this ruling, that the defendant knew at the time that he showed his license to the gun dealer that the address given on his license was incorrect, although there was no direct evidence as to knowledge or intent. But the material fact for a dealer under § 922(b)(3) is the residency of the buyer, not the address of the buyer, although the address may be evidence of residency. The fact that a buyer may have intentionally given a false address does not become material until the government first proves that the defendant is not a resident of the state in which the dealer is doing business. There may be many reasons for giving a false address, none of which have anything to

do with the commission of the crime set forth in 18 U.S.C. § 922(a)(6)." United States v. Benton, D.N.H.1971, 329 F.Supp. 331, 332.

On the other hand, in United States v. Crandall, 1972, 453 F.2d 1216–1217 the First Circuit reasoned:

"In spite of able argument by defendant's counsel we consider this appeal to be lacking in merit. Defendant's motion for acquittal was denied, and thereafter he was found guilty of making a false statement, to wit, of supplying a false name, address, and date of birth in connection with his acquisition of a firearm, 18 U.S.C. § 922(a)(6) * * *.

"Defendant's primary contention is that the misrepresentation was not one of a 'fact material to the lawfulness of the sale,' because, although the jury could find that defendant did misrepresent his identity, in actual fact, regardless of name, he was not a prohibited buyer within section 922, subsections (b) and (d). Hence, he says, the misrepresentation was not material. In making this contention defendant overlooks subsection (5) of section (b), which makes the sale unlawful, without limitation, in every case, unless the seller records the 'name, age, and place of residence' of the purchaser. It follows from the fact that the sale is illegal unless these matters are correctly recorded, that their misstatement is a misrepresentation of a 'fact material to the lawfulness of the sale.' "

Insofar as we are advised or have discovered, *Benton* and *Crandall* are the only pertinent cases. In *Crandall* the defendant supplied "a false name, address, and date of birth," while in the case at bar the indictment charged the defendant with "misrepresenting identification with respect to the transaction, by presenting a fictitious address, '4325 Collins, Miami Beach, Florida' to the dealer." To us that seems a distinction without a difference. We conclude that this case is governed by *Crandall,* and that the district court properly denied the defendant's motion for judgment of acquittal.

Such a direct approach obviates the necessity of considering the following more indirect rationale: (1) Error in the citation of the statute in the indictment is not ground for reversal if the error did not mislead the defendant to his prejudice. Rule 7(c), F.R.Cr.P. See also Williams v. United States, 1897, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Hutcheson, 1941, 312 U.S. 219, 224, 61 S.Ct. 463, 85 L.Ed. 788. (2) The facts alleged in the indictment constitute an offense under 18 U.S.C. § 924(a) [1] and 18 U.S.C. § 922(b)(5).[2]

We think that the facts alleged in the indictment and supported by the evidence constitute an offense under the statute cited, 18 U.S.C. § 922(a)(6), and that resort to other statutes or regulations is not necessary.

The judgment is therefore

Affirmed.

---

1. Which provides for punishment for misrepresentation of any fact required to be kept in the records of a person licensed under this chapter.

2. Which provides:
   "(b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—
   * * * * * * *

   (5) any firearm or ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity."