**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marilyn Jean BUCK,
Defendant-Appellant.**

**No. 73–3560.**

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1977.

872

Susan B. Jordan, argued, Anne Flower Cumings, Cumings & Jordan, San Francisco, Cal., Charles G. Warner, Engel & Warner, San Francisco, Cal., for defendant-appellant.

David P. Bancroft, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and LYDICK,* District Judge.

## OPINION

LYDICK, District Judge:

Appellant stands convicted after jury trial of violation of two counts of 18 U.S.C. § 922(a)(6) (furnishing false information in connection with the acquisition of ammunition) and two counts of 18 U.S.C. § 924 (making a false statement with respect to information required to be kept by a licensed firearm dealer) arising out of the purchase by her of ammunition from a San Francisco gun store on two separate occasions in 1973.[1]

On both occasions, appellant used the name Mariann Turner and presented as identification a drivers license in that name which reflected a date of birth different from her own. The drivers license had been

---

* Honorable Lawrence T. Lydick, United States District Judge, Central District of California, sitting by designation.

1. Appellant was also convicted of violation of two counts of 42 U.S.C. § 408(f), misdemeanors joined for trial with the above-noted felonies.

obtained through an applicant which falsified her place of birth and driving history.

Appellant raises seven separate grounds of appeal, four of which relate to standards and procedures utilized below with respect to alleged illegal electronic surveillance. We shall not attempt to summarize the extensive evidence introduced at the trial or during the 2½ day post-trial taint hearing. We have read the transcript of all proceedings, however, and believe that the record manifests that the evidence questioned by appellant had a clearly independent source and could not have been the primary product of or the result of exploitation of any illegal surveillance.

■ Appellant first contends that she was denied a fair trial by refusal of the trial court to hold a hearing before rather than after trial on her claim that certain evidence was tainted because of illegal government surveillance. *See Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); 18 U.S.C. § 2518(10)(a). It is argued that such refusal restricted her right to testify in her own behalf, restricted cross-examination of government witnesses, was contrary to Congressional intent and ignored considerations of judicial economy.

Neither the pertinent statute nor its legislative history purports to mandate that such a hearing be held before trial. The propriety of holding such hearings post-trial has been recognized widely and is within the trial court's discretion. *See United States v. Polizzi,* 500 F.2d 856 (9th Cir. 1974), *cert. denied,* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975); *United States v. Cales,* 493 F.2d 1215 (9th Cir. 1974); *United States v. Bacall,* 443 F.2d 1050 (9th Cir. 1971), *cert. denied,* 404 U.S. 1004, 92 S.Ct. 565, 30 L.Ed.2d 557; *United States v. Sacco,* 428 F.2d 264 (9th Cir. 1970), *cert. denied,* 400 U.S. 903, 91 S.Ct. 141, 27 L.Ed.2d 140; *United States v. Nolan,* 420 F.2d 552 (5th Cir. 1969), *cert. denied,* 400 U.S. 819, 91 S.Ct. 36, 27 L.Ed.2d 47 (1970); *United States v. Cole,* 325 F.Supp. 763 (S.D.N.Y. 1971), *aff'd* 463 F.2d 163, 171 (2d Cir. 1972), *cert. denied,* 409 U.S. 942, 93 S.Ct. 238, 34 L.Ed.2d 193 (1972). This is particularly true where, as here, there is no discernible nexus between the alleged illegal surveillance and the matters to be proved at trial. We find nothing in the procedures followed by the District Court which inhibited appellant's right to testify or restricted her counsel's right to cross-examination and the judicial economy argument is without support.

Appellant next contends that the post-trial taint hearing was improperly conducted and that as a result the findings of the District Court that plaintiff's evidence was not tainted should be set aside. It is first claimed the hearing denied appellant due process because, rather than being directed primarily at allowing her to prove taint, it permitted the government to prove its information came from an independent legal source.

■ While the *Alderman* hearing procedure is to first allow the defendant to go forward with specific evidence demonstrating taint and then to shift the burden to the government to show that it acquired its evidence from an independent source, here the defense had no specific evidence demonstrating taint and accordingly the government took up its burden at the outset.

■ The purpose of the *Alderman* hearing is to determine whether, granting establishment of the primary illegality, the evidence has been come at by exploitation of that illegality or instead by means sufficiently distinguishable. *Alderman v. United States, supra* 394 U.S. at 181, 89 S.Ct. 961. That purpose was fully served in the circumstances of this case by the procedures followed by the trial court.

■ Appellant argues further that denial of her motions for the names of monitors of and those with access to certain tapes prevented her demonstration of taint. In *United States v. Polizzi, supra,* the names of monitors were given to the defendants. This was done so that the defendants could ask each government prosecutor on the witness stand whether he received any information about the logs from the named officials. In this case, all the investigative

agents were available for cross-examination with respect to whom they had spoken concerning appellant and what information was learned through such conversations. Although here defense counsel could not name in her questions to witnesses the specific monitors, the distinction is trivial and the denial of the names was not prejudicial. *Polizzi* does not require the naming or calling as witnesses of all who had access to tapes unless there is some reason to believe that such persons communicated information received from the tapes to any of those who had charge of the preparation of the evidence in the particular case. Here there was a denial that any such information was received by the investigators, the wiretapped conversations in issue occurred several years before the crime charged was committed and independent source was clearly established, and the failure to require production of all those who might have had access to the tapes was not error. *Nardone v. United States,* 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); *Polizzi, supra* at 912; *United States v. Jackson,* 448 F.2d 963 (9th Cir. 1971), *cert. denied sub nom. Willis v. United States,* 405 U.S. 924, 92 S.Ct. 970, 30 L.Ed.2d 796 (1972).

■ Appellant's motion for production of FBI files and records was properly denied. The question of whether to turn over such material is within the discretion of the trial judge, *Alderman, supra; Nardone, supra,* and no abuse of such discretion is shown.

■ The unavailability of four tapes recorded more than three years prior to the crimes here in issue also cannot be held to have deprived appellant of the opportunity to show taint to any extent requiring reversal. No negligence or bad faith appears to have been involved, the tapes having been erased according to then standard procedure after log summaries, which were provided to defense counsel, had been made and verified. The tapes had little evidentiary value and the erasure of them was particularly harmless in light of the strong evidence of independent source. *See United States v. Garcilaso de la Vega,* 489 F.2d 761 (2d Cir. 1974); *United States v. Bryant,*

142 U.S.App.D.C. 132, 439 F.2d 642 *on remand,* 331 F.Supp. 927 (D.D.C.), *aff'd.* 145 U.S.App.D.C. 259, 448 F.2d 1182 (1971); *United States v. Stassi,* 431 F.2d 353 (5th Cir. 1970).

■ Appellant next contends that the prosecution's denial of her and her counsel's claims of certain instances of wiretapping were inadequate under *United States v. Alter,* 482 F.2d 1016 (9th Cir. 1973). We are not convinced that the *Alter* question needs to be reached in view of the specific findings by the district court that the information in question came from an independent source. In any event, a claim of wiretap must meet certain requirements before the comprehensive denial required by *United States v. Alter* need be made. The record here clearly reflects that these requirements were not met and that the denials made were more than adequate. *United States v. See,* 505 F.2d 845 (9th Cir. 1974), *cert. denied sub nom. Gordon v. United States,* 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975); *United States v. Vielguth,* 502 F.2d 1257 (9th Cir. 1974). That the court below did not err in its rulings with respect thereto is equally clear.

Appellant next contends that it was reversible error for the court below to fail to state the test it used in making its ruling that one wiretap did not have to be disclosed to appellant because it was expressly authorized by the Attorney General and lawful for the purpose of gathering foreign intelligence.

■ Foreign security wiretaps are a recognized exception to the general warrant requirement and disclosure of wiretaps not involving illegal surveillance is within the trial court's discretion. The order here attacked held, after *in camera* inspection by the court below, that the challenged surveillance was lawful. Any requirement of a finding that the interception in question was reasonable is implicit in that conclusion. *United States v. Butenko,* 494 F.2d 593 (3d Cir. 1974), *cert. denied sub nom. Ivanov v. United States,* 419 U.S. 881, 95 S.Ct. 147, 42 L.Ed.2d 121 (1974); *United*

*States v. Clay,* 430 F.2d 165, 170 (5th Cir. 1970), *rev'd on other grounds,* 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971).

Appellant next contends that the trial court erred in a supplemental instruction given during the course of a response to a jury inquiry during its deliberations.[2]

■■■ This contention is also without merit. The indictment sufficiently apprised appellant of what she had to be prepared to meet. Falsification of identity is an element of 18 U.S.C. § 922(a)(6) and may be proved by evidence of use of a false name, age or place of residence. The court's supplemental instruction was a correct enough statement of the law, *United States v. Gudger,* 472 F.2d 566 (5th Cir. 1972); *United States v. Crandall,* 453 F.2d 1216 (1st Cir. 1972), and in no way altered or amended the indictment or invaded the province of the jury as claimed by appellant.

■■■ Appellant next contends that the trial court erred in admitting evidence of prior misconduct during the examination of a gun store employee regarding his identification of appellant as the person who had made the ammunition purchase,[3] and in admitting evidence of the purchase of weapons by appellant.

■■■ Appellant's claim is without merit. The challenged testimony relating to identification does not contain evidence of prior misconduct and, even if so construed, would be admissible under the identity exception to the rule that such evidence under certain circumstances is not admissible. Federal Rules of Evidence, § 404(b). Where, as here, the testimony is probative on the crucial issue of identification any slight prejudicial element is clearly outweighed by such probative value. *See Robinson v. United States,* 148 U.S.App.D.C. 58, 459 F.2d 847, 856 (1972); 3 Wigmore on Evidence § 730 (Chadbourn Rev.1970). Limiting instructions given by the court with regard to the evidence further reduced the probability of any prejudice.

■■■ Similarly, the testimony concerning prior gun store purchases was admissible under the intent section of Rule 404(b), particularly where addressed directly to the key issue of intent to deceive and where the prior acts were virtually identical, the acts occurred during a time period proximate to the crime charged, the evidence was not cumulative and a proper limiting instruction was given. *See United States v. Szymanski,* 431 F.2d 946 (9th Cir. 1970); *Louie v. United States,* 426 F.2d 1398, 1401–1402 (9th Cir. 1970), *cert. denied,* 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970).

Appellant next contends that the indictment was infirm because the misstatement alleged to have been made by her was not material to the lawfulness of the sale or required by 18 U.S.C. § 922(a)(6).

■■■ In making this contention, appellant overlooks subsection (5) of Section (b) which makes the sale unlawful in every case unless the seller records the name, age and place of residence of the purchaser. Unless these matters are correctly recorded, the sale is illegal and any misstatement with respect thereto is clearly a misrepresentation of a material fact. *United States v. Crandall, supra.*

■■■ Appellant also argues that the indictment is duplicitous in that it charges under both § 922(a)(6) and § 924(a) for the same acts. Section 924(a) creates a sepa-

---

**2.** The jury asked: "Is it legal to change if you want to change your identity, your name?" The court responded, "No, that is the difference between changing your name and changing your identity. You can change your name but you can't change your age and date of birth. . . . If you want to change your name . . . you can do so without court proceedings. . . . You can change your name at any time you so desire to change your name. However, you can't change your identity, you see."

**3.** "Q. Mr. Della, what was the other reason why you were able to identify and recall the physical appearance of Marilyn Buck from earlier purchases?

A. Well, there had been previous inquiries into her purchases at our stores.

Q. By whom?

A. The police." (R.T. 336)

rate statutory offense from that set forth in § 922(a)(6), *United States v. Sullivan,* 459 F.2d 993 (8th Cir. 1972), and the charges were not duplicitous. Even assuming they were, appellant shows no prejudice since the trial court's instructions repeatedly emphasized that only two purchases were charged and that each purchase was charged as a violation of two separate statutes. In addition, the sentences for counts one and two were imposed concurrently with those on counts three and four and this concurrent sentence mandates that error with respect to any erroneous counts be deemed harmless.

Appellant finally contends that the sentence imposed on her was excessive and should be reduced.

█ This Court has consistently held that the matter of sentencing is within the discretion of the trial judge and that where, as here, the sentence falls within the bounds prescribed by statute, it is not reviewable. We find nothing here to persuade us to a different conclusion. *United States v. Weston,* 448 F.2d 626 (9th Cir. 1971), *cert. denied* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972); *United States v. James,* 443 F.2d 348 (9th Cir. 1971). The charge that the sentence was imposed for other crimes suggested by the prosecution and "inflicted with self-acknowledged venom" is without support in the record.

The judgment of conviction and sentence below is affirmed.

ELY, Circuit Judge (dissenting):

I first note, incidentally, that the majority's statement as to the trial judge's discretion in relation to sentencing is too broad. My Brothers apparently choose to ignore *United States v. Capriola,* 537 F.2d 319 (9th Cir. 1976). While the application of *Capriola* would not affect the disposition of the present appeal, it seems to me that, out of considerations of accuracy, that opinion should have been noted.

Now turning to a matter of extreme significance, I hold that the majority opinion cannot be fairly reconciled with our opinion in *United States v. Alter,* 482 F.2d 1016 (9th Cir. 1973). The majority takes two approaches in respect to *Alter.* First, after rather feebly remarking that the *Alter* question need not be reached, it proceeds with the reaching that it has declared unnecessary. Even so, however, my Brothers do not analyze *Alter.* In two brief paragraphs, the application of *Alter* is rejected in conclusory statements that "claims of certain instances of wiretapping were inadequate" and "requirements [of *Alter*] were not met and . . . the denials made were more than adequate." This facile treatment of such a grievous question of intrusive wiretapping is, to me, wholly unacceptable.

When the affidavits in *Alter* are examined side by side with those presented by the appellant here, I see absolutely no escape from the conclusion that the affidavit of the appellant's attorney in this case fully and fairly complied with the requirements set forth by the *Alter* court. If I am correct in this, then the Government was legally obliged to "file a responsive factual, unambiguous, and unequivocal affidavit [in response]." 482 F.2d at 1027. *See also Alderman v. United States,* 394 U.S. 165, 180–185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). The Government did not meet its burden; hence, the judgment of conviction should be REVERSED.