774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
Joseph Enyinnaya, Defendant-Appellant
 No. 85-5089
 United States Court of Appeals, Sixth Circuit.
 9/27/85
 
 M.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court, Middle District of Tennessee, Nashville Division
 BEFORE: KENNEDY and MILBURN, Circuit Juges; WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This criminal case is an appeal from a denial of motion to dismiss, the right to which was reserved by Enyinnaya upon his entering a guilty plea to Count I of his indictment for violations of Title 18, U.S.C., Sec. 922(a)(6), making false statements to obtain a handgun.
 
 
 2
 Enyinnaya is a permanent resident alien, a citizen of Nigeria, studying at Middle Tennessee State University. Enyinnaya became involved with a fellow Nigerian, Boniface Onyebuagu, who allegedly was using local citizens as 'straw men' to obtain handguns. Tennessee law prohibits the sale of handguns to aliens (T.C.A. Sec. 39-6-1704(b)). Enyinnaya asserts that Onyebuagu proposed that they open a shooting range for profit in Murfreesboro, Tennessee, and that Enyinnaya persuaded a friend, John Rankins, to purchase guns for him in Rankins' name. Enyinnaya was convicted for causing Rankins to give the false statement that he, Rankins, was the purchaser when it really was Enyinnaya.
 
 
 3
 Enyinnaya argues that the Tennessee statute is an unconstitutional deprivation of his rights under the fourteenth amendment, and that, if so, any false statement made to obtain the guns cannot be said to be material, so no violation of Sec. 922(a)(6) occurred.
 
 
 4
 In United States v. Crandall, 453 F.2d 1216 (1st Cir. 1972), the court found that defendant could be convicted of a Sec. 922(a)(6) violation even though he in fact was not a prohibited buyer where he gave a false name, address, and date of birth in connection with the acquisition of a firearm. In the instant case, the constitutionality vel non of the Tennessee law has no bearing on the Sec. 922 violation. The violation was completed when Enyinnaya's agent Rankins filled out the ATF form false information. Enyinnaya's motive or alleged reason for violating the statute, the claimed unconstitutionality of the Tennessee statute, is not a legal excuse for the violation. We therefore do not address that question.
 
 
 5
 The District Court's denial of Enyinnaya's motion to dismiss was correct.
 
 
 6
 The judgment of conviction is affirmed.