900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. STEWART, Defendant-Appellant.
 No. 90-3037.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before WELLFORD and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, David A. Stewart, appeals his conviction for making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a)(1)(B). Defendant raises several assignments of error. Upon review, we affirm.
 
 I.
 
 2
 On May 19, 1989, Special Agent Rodney Russell of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), received two reports of multiple purchases of firearms by defendant from a federally-licensed gun dealer in Galloway, Ohio. Agent Russell also received reports of multiple purchases by defendant from various gun dealers in the Columbus, Ohio area.[1] Agent Russell contacted five gun dealers and obtained six ATF firearms transaction forms[2] which revealed multiple purchases by defendant.
 
 
 3
 During the course of the investigation, Agent Russell visited the address given by defendant on the ATF forms. Agent Russell was told, however, that defendant was not at home. A short time later, defendant telephoned Agent Russell and informed him that the pistols had been purchased for Tony Baker. Defendant also related that he did not live at the address listed on the ATF forms.
 
 
 4
 At a later date, defendant informed Agent Russell that the pistols had been purchased with money supplied by Parnell "Tony" Pardue and that the pistols had been delivered to Pardue immediately after purchase. Defendant signed a statement in which he admitted that he had purchased the pistols for Pardue.
 
 
 5
 On July 6, 1989, the government filed an indictment against defendant charging him with six counts of making false and fictitious statements in connection with the purchase of firearms in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a)(1)(B). On October 25, 1989, a jury sitting in the United States District Court for the Southern District of Ohio convicted defendant on six counts. The district court sentenced defendant to a seven-month term of imprisonment on each count with the sentences to be served concurrently. Defendant appeals from the district court's entry of judgment on January 8, 1990.
 
 II.
 
 6
 First, defendant argues that the district court erred in not granting his motion for judgment of acquittal. Specifically, defendant contends that he was the actual purchaser of the weapons and that he made no false statements on the ATF forms because he purchased the guns as part of a joint business enterprise to engrave and to resell the pistols at a profit. He also argues that even if he were not the "transferee," the government offered no proof that the actual transferee, "Tony" could not have lawfully purchased the guns himself.
 
 
 7
 The Gun Control Act of 1968, as amended, provides that it is unlawful
 
 
 8
 (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition ...
 
 
 9
 18 U.S.C. Sec. 922(a)(6). At trial, the government alleged that the defendant was a "straw man" purchaser of the guns. The government offered evidence that defendant paid for the weapons with the funds of a third party, that he immediately transferred the guns to a third party, and that he certified on the ATF forms that he was the "transferee" of the weapons. Viewing the evidence in a light most favorable to the government, we believe that a rational juror properly could find that defendant made a false statement in connection with the purchase of the firearms. See United States v. Lawrence, 680 F.2d 1126 (6th Cir.1982).
 
 
 10
 Second, defendant contends that the district court erred in failing to instruct the jury on his theory of the case. At trial, defendant requested the district court to instruct the jury that an individual could be a true purchaser or transferee of firearms if he was engaging in a joint enterprise at the time of the purchases. The court declined to use defendant's proposed instruction and stated that defendant's theory was more properly a subject for his closing argument.
 
 
 11
 Although "a defendant is entitled to an instruction on his theory of the case if (a) there is evidence to support it, and (b) it is appropriate in form and substance," a trial court is not required to instruct the jury as to matters adequately covered by other instructions. United States v. Zeuli, 725 F.2d 813, 817 (1st Cir.1984). We have held that:
 
 
 12
 The standard on appeal for a court's charge to the jury is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury. A judge does not commit error because he or she fails to use language contained in a request, so long as the instruction given is accurate and sufficient.
 
 
 13
 United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984) (citations omitted). Because defendant did not offer sufficient evidence to support the proposed jury instruction, we find that the jury instructions delivered by the district court fairly and adequately submitted the issues and the applicable law to the jury.
 
 
 14
 Finally, defendant argues that the district court erred in removing from the jury's consideration the issue of whether the alleged false statement given by defendant was material. The district court instructed the jury that:
 
 
 15
 The materiality of the alleged false statement is not a matter with which you are concerned, but rather is a question for the Court to decide. You are instructed that the alleged false statements described in the indictment, if proved, did relate to a material fact. It is for you to decide whether the statement was in fact made and whether the statement was false or fictitious and likely to deceive.
 
 
 16
 Joint Appendix at 104. The identity of the purchaser is "per se" material under Sec. 922(a)(6). See United States v. Anaya, 615 F.Supp. 823, 825 N.D.Ill.1985); see also United States v. Buck, 548 F.2d 871, 876, (9th Cir.), cert. denied, 434 U.S. 890 (1977), and United States v. Crandall, 453 F.2d 1216, 1216-17 (1st Cir.1972). Because the alleged false statement was material, we find that the district court did not err in instructing the jury to consider only whether the statement was false or fictitious and likely to deceive.
 
 
 17
 We, therefore, AFFIRM the district court's judgment of conviction.
 
 
 
 [1]
 Defendant purchased .22 and .25 caliber pistols, both of which are popular with drug dealers and are commonly recovered in crack houses
 
 
 [2]
 ATF Form 4473 includes various personal information about the buyer and identifies the type and serial number of each firearm sold