**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony NORRIS, Defendant– Appellant.**

No. 01–2584.

United States Court of Appeals, Seventh Circuit.

Argued March 5, 2002.

Decided April 29, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

A jury found Anthony Norris guilty on five counts of falsifying his address on the Form 4473 that the Bureau of Alcohol, Tobacco, and Firearms ("BATF") requires to be completed when a federally licensed firearms dealer sells a gun, 18 U.S.C. § 922(a)(6); fourteen counts of falsely denying on a Form 4473 that he was "under indictment or information" for a felony, *id.;* and one count of receiving a firearm while "under indictment," 18 U.S.C. § 922(n). Norris appeals on two grounds. His lawyer argues on his behalf that four of the § 922(a)(6) counts set forth in the information must be reversed because the address he provided was not materially false. On his own, in a pro se brief filed with leave of the court, Norris argues that all fifteen counts pertaining to his purchases of guns while facing a felony information must be reversed because an "information" is different from a felony "indictment": § 922(n), claims Norris, penalizes only those who receive firearms with an *indictment* pending, and so he was not required to admit the pending *information* on the Forms 4473. We affirm.

Between August 1998 and July 2000, Norris purchased fifty-three guns in twenty-eight transactions from two federally licensed firearms dealers in St. Joseph County, Indiana. In order that he might purchase these guns Norris was required to present state-issued identification as well as complete an ATF Purchase Form 4473 that asked for his "Residence Address," including street name and number. In each instance Norris wrote on the form that he lived at 1708 Scott Street, South Bend, Indiana, and presented an Indiana driver's license that listed this as his address. The government proved at trial that in fact the Scott Street address was the address of his parents and that the defendant did not reside at this address. Norris had lived there until he was eighteen and periodically afterwards, but he was now 29 and living on Florence Street in South Bend when he bought the guns at issue here. Furthermore, at the time of one of his transactions, Norris lived in the State of Ohio; he does not challenge his conviction stemming from that transaction. He does challenge his four other false-

address convictions because he lived in South Bend, though not on Scott Street, when he made the gun buys for which the government convicted him.

On December 3, 1999, an Indiana state prosecutor filed an information charging Norris with Intimidation, a Class C felony punishable by up to four years imprisonment. Norris purchased several firearms on several other occasions after December 3. On each occasion he answered "no" to the following question on the Form 4473: "Are you under indictment or information in any court for a crime for which the judge could imprison you for more than one year? An information is a formal accusation of a crime made by a prosecuting attorney." His answers to this question and his acquisition of firearms after December 3 form the basis for the fifteen counts challenged by Norris in his pro se brief.

Section 922(a)(6) provides:

It shall be unlawful ... for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 922(a)(6). On appeal Norris argues that 18 U.S.C. § 922 does not require that a gun purchaser provide a street address. But even if § 922 does require a street address, Norris contends, a *false* street address is not material under § 922(a)(6) unless the purchaser lied about residing in the *state* where the firearms

dealer does business. This must be so, maintains Norris, because it is only out-of-state residency that will preclude an otherwise qualified buyer from purchasing a firearm from a federally licensed dealer. *See* 18 U.S.C. § 922(a)(5). Thus, asserts Norris, buyers may lie about a street address or even the city of residence so long as they actually live within the state.

■ Initially we must determine whether § 922 and its accompanying regulations require a gun purchaser to provide a street address. Section 922(b)(5) makes a firearm sale unlawful unless the dealer notes the buyer's "place of residence" in records that must be maintained pursuant to 18 U.S.C. § 923 and the Secretary of the Treasury's implementing regulations, *see* 18 U.S.C. § 923(g)(1)(A). "Place of residence," however, is nowhere defined in the gun control statutes to include a street address, *see* 18 U.S.C. §§ 921–930; one's "place of residence" could in theory be as broad as one's state of residence. Turning to 27 C.F.R. § 178.124, one of the Secretary's gun control-record keeping regulations, we note that a dealer must record on a Form 4473 a buyer's "residence address (including county or similar political subdivision) ... [and the buyer's] State of residence." But the undefined "residence address" suffers from the same ambiguity as "place of residence." These terms do not acquire specificity until they are defined on the Form 4473, which the BATF has promulgated or published to effectuate these statutory and regulatory requirements. That form requires a buyer to provide his or her "Residence Address," defined in an accompanying parenthetical as "No., Street, City, County, State, ZIP Code."

Form 4473 thus presents the BATF's interpretation of its own regulation: "residence address" includes the buyer's street address. We owe substantial deference to

such interpretations, *see Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); they are in fact "controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Id.* (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)). We see nothing plainly erroneous or inconsistent in an interpretation of "residence address" that includes a person's street address. To the contrary, the interpretation seems to us eminently clear, unambiguous, and reasonable, especially considering that the BATF designed Form 4473 to assist law enforcement in tracking firearms, a goal substantially furthered by recording purchasers' street addresses. *See* ATF Form 4473, 67 Fed.Reg. 9503, 9503 (March 1, 2002).

The rule of lenity that courts should interpret ambiguous criminal statutes in favor of the accused does not compel us to agree with Norris that § 922 does not require gun buyers to provide a street address. That rule, grounded in fair notice concepts and concerns about arbitrary enforcement of the law, *United States v. Vang,* 128 F.3d 1065, 1072–73 (7th Cir. 1997), is not of concern where, as here, the government form plainly and consistently notifies defendants of the law's specific requirements. Moreover, we frequently and properly defer to an agency's interpretation of its own regulation in the criminal law context, *see, e.g., Parsons v. Pitzer,* 149 F.3d 734, 737–738 (7th Cir.1998), and see no reason not to do so now.

■ Turning next to whether a false street address is material under § 922(a)(6), we start with the jury's finding that Norris resided at an address other than that which he provided the firearms dealers when he made the gun purchases underlying his false address convictions. By falsifying his address, Norris caused the dealers to fail to record the buyer's

"place of residence," which, as the BATF's Form 4473 interprets it, includes the buyer's street address. The firearms sales to Norris were thus illegal under §§ 922(b)(5) as implemented by §§ 923, 178.124, and Form 4473. Norris's correct residence address was therefore material to the lawfulness of the gun sales.

Legislative history supports our interpretation of the statute. In *Huddleston v. United States,* the Supreme Court wrote that

> section 922(a)(6) ... was enacted as a means of providing adequate and *truthful* information about firearms transactions. Information drawn from records kept by dealers was a prime guarantee of the Act's effectiveness.... Thus any false statement with respect to the eligibility of a person to obtain a firearm from a licensed dealer was made subject to a criminal penalty.

415 U.S. 814, 824–25, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974) (emphasis added). In addition, the House Report to the Gun Control Act of 1968, Pub.L. 90–618, 82 Stat. 1213 (codified as amended at 18 U.S.C. §§ 921–930), states that the "requirement that one [who] obtains a firearm ... from a Federal licensee must properly identify himself is inherent in [§ 922(a)(6) ]. This is strengthened by the recordkeeping provisions of sections 922(b)(5) and 923(d)." H.R. Rep. No. 1577, at 13 (1968), *reprinted in* 1968 U.S.C.C.A.N. 4419. Congress intended § 922(a)(6) to act hand-in-hand with § 922(b)(5) to ensure that firearms could be controlled through the accurate recordkeeping required of dealers. *Huddleston,* 415 U.S. at 824–25, 94 S.Ct. 1262. It seems, then, that the connection between these two sections would be severed, and their purposes frustrated, if it were not a § 922(a)(6) violation to falsify the informa-

tion that § 922(b)(5) and its implementing regulations require a dealer to keep.

We are not alone in holding that an incorrect street address on a BATF 4473 Form is material; other courts of appeal have rejected Norris's interpretation of § 922(a)(6). In *United States v. Crandall,* 453 F.2d 1216, 1217 (1st Cir.1972), the First Circuit held that a defendant violated § 922(a)(6) when he supplied a false name, address, and date of birth in connection with buying a firearm even though he was not in fact a prohibited buyer. The court first noted that § 922(b)(5) makes a gun sale unlawful unless the seller records the "name, age, and residence" of the purchaser. The court also reasoned that because "the sale is illegal unless these matters are correctly recorded," a misrepresentation as to any one of them is a fact material to the lawfulness of the sale. *Id.* The Fifth Circuit followed this logic in a case even more on point. In *United States v. Gudger,* 472 F.2d 566 (5th Cir.1972), the court held that a falsified or inaccurately noted place of residence even within the state of purchase violates § 922(a)(6) whether or not coupled with other misrepresentations. *See also United States v. Behenna,* 552 F.2d 573, 576 (4th Cir.1977) ("Had the indictment in the instant case been drawn in different form, Behenna's false statement as to his residence *address* would have been sufficient to establish a violation of [§ 922(a)(6) ]." (emphasis in original)); *United States v. Buck,* 548 F.2d 871, 876 (9th Cir.1977) ("Falsification of identity is an element of 18 U.S.C. § 922(a)(6) and may be proved by evidence of use of a false name, age or place of residence."); *United States v. Anaya,* 615 F.Supp. 823, 825–26 (N.D.Ill.1985).

Norris's second argument, presented in his pro se brief, is frivolous. He claims that his remaining convictions should all be dismissed because he was charged by information rather than indictment. As to the § 922(a)(6) counts, his contention falters because he lied in response to a question that specifically asked whether he was under "indictment *or information.*" As to his § 922(n) conviction for receiving firearms while "under indictment," his argument fails because the statute defines "indictment" as "an indictment *or* information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14) (emphasis added); *United States v. Gevedon,* 214 F.3d 807, 813 (7th Cir.2000).

For the above reasons, we AFFIRM.