**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10137 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:16-cr-00478-JGZ-LAB-5 |
| LESLIE MARLENE PADILLA, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted December 17, 2018[**]
San Francisco, California

Before: GILMAN,[***] PAEZ, and OWENS, Circuit Judges.

Leslie Marlene Padilla pleaded guilty to making false statements in

connection with the purchase of firearms, in violation of 18 U.S.C. § 922(a)(6),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

and making false statements in the records of a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A). Her sole argument on appeal is that the charges in the indictment are multiplicitous, in violation of the Fifth Amendment's Double Jeopardy Clause. We review de novo a district court's denial of a motion to dismiss based on double jeopardy. *United States v. Ziskin*, 360 F.3d 934, 942 (9th Cir. 2003).

The Double Jeopardy Clause protects a defendant from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). To determine whether multiple counts in an indictment run afoul of that Clause, we ask "whether each separately violated statutory provision 'requires proof of an additional fact which the other does not.'" *United States v. McKittrick*, 142 F.3d 1170, 1176 (9th Cir. 1998) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

Padilla's two offenses contain different elements, and neither offense is a lesser-included offense of the other. The elements of 18 U.S.C. § 922(a)(6) are as follows: (1) the seller was a licensed firearms dealer, importer, manufacturer, or collector; (2) the defendant made a false statement or furnished or exhibited false identification in connection with acquiring or attempting to acquire a firearm from the seller; (3) the defendant knew that the statement or identification was false; and (4) the false statement or identification was material, meaning that it had a natural

tendency to influence, or was capable of influencing, the seller into believing that the firearm could be lawfully sold to the defendant. 18 U.S.C. § 922(a)(6); 9th Cir. Model Crim. Jury Instr. No. 8.58 (2010). In contrast, the elements of 18 U.S.C. § 924(a)(1)(A) are as follows: (1) the defendant knowingly made a false statement or representation; and (2) the statement pertained to information required by law (specifically, Title 18, United States Code, Part I, Chapter 44) to be kept in the records of a person licensed as a firearms dealer, importer, manufacturer, or collector. 18 U.S.C. § 924(a)(1)(A).

In *Abramski v. United States*, 573 U.S. 169 (2014), the Supreme Court noted that these two statutes each require proof of an element that the other statute does not:

> [Section 924(a)(1)(A)] is broader than § 922(a)(6) in one respect: It does not require that the false statement at issue be "material" in any way. At the same time, § 924(a)(1)(A) includes an element absent from § 922(a)(6): The false statement must relate to "information required by this chapter to be kept in [a dealer's] records."

*Id.* at 191 (second alternation in original). This court had previously reached the same conclusion in *United States v. Buck*, 548 F.2d 871 (9th Cir. 1977), holding that the defendant's multiplicity argument was without merit because "[s]ection 924(a) creates a separate statutory offense from that set forth in § 922(a)(6)." *Id.* at 876–77. Padilla fails to cite either of these cases in her brief. And despite

3

correctly listing the elements of §§ 922(a)(6) and 924(a)(1)(A), Padilla incorrectly asserts without any explanation that "the elements are the same."

For the foregoing reasons, we conclude that the charges in the indictment against Padilla are not multiplicitous. We therefore **AFFIRM** the judgment of the district court.