UNITED STATES of America
v.
Leon G. BENTON.
Crim. A. No. 7090.

United States District Court,
D. New Hampshire.

July 23, 1971.

William B. Cullimore, Asst. U. S. Atty., Concord, N. H., for plaintiff.

Paul M. McEachern, Shaines, Madrigan & McEachern, Portsmouth, N. H., for defendant.

## MEMORANDUM OPINION

BOWNES, District Judge.

The defendant is charged with knowingly making a false statement with respect to a material fact as to the lawfulness of the sale of a firearm to him which was intended or likely to deceive the firearm dealer in violation of 18 U.S.C. § 922(a) (6) (National Gun Control Act).

18 U.S.C. § 922(a) (6) provides in pertinent part:

§ 922. Unlawful acts

(a) It shall be unlawful—

   \*    \*    \*    \*    \*    \*

(6) for any person in connection with the acquisition \* \* \* of any firearm \* \* \* from a \* \* \* licensed dealer, \* \* \* knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such \* \* \* dealer, \* \* \* *with respect to any fact material to the lawfulness of the sale* or other disposition of such firearm or ammunition under the provisions of this chapter. [Emphasis added.]

At the conclusion of the government's case, the defendant moved for a judgment of acquittal.

The facts established that the defendant purchased a gun from Riley's Gun Shop on June 9, 1970, that at the time he purchased the gun, he showed to the proprietor of the gun shop his New Hampshire driver's license, which license gave his address as 129 Rockhill Avenue, Portsmouth, New Hampshire. It is clear from the evidence that on June 9, 1970, the defendant was not living at 129 Rockhill Avenue in Portsmouth, New Hampshire, and had not lived there since November 17, 1969. There is evidence to the effect that starting in November of 1969, the defendant leased premises in Lowell, Massachusetts, for a term of eight months. The owner of this property testified, however, that the defendant was evicted in February of 1970 because of a fight that developed on the premises and also because there were people living on the premises other than the defendant's immediate family. There is no evidence as to where the defendant was living between early February and June 9, 1970, so I can draw no conclusion as to where the defendant did in fact reside on June 9, 1970. The government has not proven that the defendant was not a resident of New Hampshire when he purchased the gun.

It is the government's position that even if the defendant were a resident of New Hampshire at the time that he purchased the gun, but at a different address than the one given to the gun dealer, he would be guilty under 18 U.S.C. § 922(a) (6) if he knowingly gave the dealer an incorrect address.

18 U.S.C. § 922 does not have any provision requiring that a purchaser of firearms give his correct address or, in fact, any address. I am cognizant of the fact that 18 U.S.C. § 922(b) (3) [1] makes it unlawful for a licensed firearm dealer to sell any firearm to any person who the dealer knows, or has cause to believe, does not reside in the same state as the dealer's place of business.

■ The gravamen of the crime under 18 U.S.C. § 922(a) (6) is making or furnishing or exhibiting "any false, fictitious, or misrepresented identification, intended or likely to deceive such * * * dealer, * * * with respect to *any fact material to the lawfulness of the sale. * * *"* [Emphasis added.] I assume, for purposes of this ruling, that the defendant knew at the time that he showed his license to the gun dealer that the address given on his license was incorrect, although there was no direct evidence as to knowledge or intent. But the material fact for a dealer under § 922(b) (3) is the residency of the buyer, not the address of the buyer, although the address may be evidence of residency. The fact that a buyer may have intentionally given a false address does not become material until the government first proves that the defendant is not a resident of the state in which the dealer is doing business. There may be many reasons for giving a false address, none of which have anything to do with the commission of the crime set forth in 18 U.S.C. § 922(a) (6).

For the foregoing reasons, the motion for judgment of acquittal is granted.

---

I. 18 U.S.C. § 922(b) provides:
(b) It shall be unlawful for any * * * licensed dealer, * * * to sell or deliver—
    *      *      *      *      *

(3) any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in * * * the State in which the licensee's place of business is located, * * * *