**UNITED STATES of America, Appellee,**

v.

**Henry Leroy SULLIVAN, Appellant.**

**No. 71–1543.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1972.

Decided May 25, 1972.

Lenore Miller, Minneapolis, Minn., for appellant.

Joseph M. Livermore, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, MEHAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant, Henry Leroy Sullivan, was indicted and convicted for violation of 18 U.S.C.A. § 924(a). Upon a jury verdict of guilty as charged, the imposition of sentence was stayed and the appellant was placed on probation for one year.

The evidence at trial established that Sullivan bought a handgun from a licensed dealer using the name Wilbert Layssard. He used his proper address and vital statistics in completing the required form. The evidence showed that Sullivan was known, paid bills, contracted for services, and had driver's licenses and bank accounts by both names. No fraudulent purposes in using both names was shown. Further, there was no reason shown that would disqualify Sullivan from purchasing a firearm under his true name.

Appellant raises several issues concerning the sufficiency of the evidence to find him guilty of a crime against the United States. A review of the entire record satisfies us that the evidence introduced at trial, submitted to the jury under proper instructions, was sufficient to support the jury verdict.

Appellant does raise one issue deserving of comment. 18 U.S.C.A. § 924(a) reads:

"Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine."

Appellant contends that an element of materiality should be read into the language concerning false statements made for the dealer's records. We disagree. While a violation of 18 U.S.C.A. § 922(a) (6) expressly requires a showing of materiality no such expression is found in § 924(a). Section 924(a) is in no way ambiguous and appellant fails to convince us that § 924(a) suffers any constitutional infirmity by not requiring an element of materiality.

While the questioned language of § 924(a) is admittedly broad, the evils the legislation was enacted to correct are also broad. Congress has spoken, and in the absence of constitutional infirmity, we are bound by the clear language of the act.

Affirmed.