UNITED STATES of America

v.

Frank MONGIELLO.

Crim. No. 77–279.

United States District Court,
E. D. Pennsylvania.

Dec. 21, 1977.

David W. Marston, U. S. Atty., John E. Riley, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John G. McDougall, Philadelphia, Pa., for defendant.

## MEMORANDUM

BRODERICK, District Judge.

On November 9, 1977 a jury found the defendant, Frank Mongiello, "guilty" on Counts II, III and IV, and "not guilty" as to Count I of a four count indictment which charged him with violations of the Gun Control Act of 1968. Count I, on which he was found not guilty, alleged that the defendant had unlawfully engaged in the business of dealing in firearms, in violation of 18 U.S.C. § 922(a)(1). The three counts on which he was found guilty alleged that he had unlawfully made false statements or representations on Form 4473, a record required to be kept by licensed dealers in firearms, in violation of 18 U.S.C. § 924(a).

The defendant now seeks a judgment of acquittal pursuant to Rule 29(c). He contends (1) that he did not make any false statements or representations in connection with the 4473, in that deceiving the dealer is what Congress intended to prevent by 18 U.S.C. § 924(a) and there was no evidence that the dealer was deceived; (2) that the defendant's signing of another's name on the Form 4473 is not a false statement or representation in violation of 18 U.S.C. § 924(a); and (3) that an intent to deceive is an element of the offense and there was no evidence that defendant intended to deceive. For the reasons hereinafter set forth, said motion is denied.

Title 18 U.S.C. § 924(a) is violated whenever a person

knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed [to deal in firearms] under this chapter . . . .

Title 18 U.S.C. § 923(g) requires that [a] licensed dealer . . . shall maintain such records of . . . sale, or other disposition, of firearms . . . at such place, for such period, and in such form as the Secretary [of the Treasury] may by regulation prescribe.

Pursuant to this section the Department of the Treasury has provided dealers with Firearms Transaction Record Forms (Form 4473's), which when properly completed, contain all the information required by the statute. The regulations mandate that a Form 4473 be completed each time a gun is transferred by a licensed dealer, and that the form must be retained by the dealer in his files.

The evidence in this case, viewed in a light most favorable to the government, is that the defendant, who was a deputy in the Sheriff's Office in Delaware County, had on three separate occasions purchased a firearm for another person. On one occasion a police officer requested that the defendant buy a handgun for him. On two other occasions, deputy sheriffs from Delaware County requested that the defendant purchase a handgun for them. In each instance he was given the money to pay for the gun, and furnished with the correct information concerning the identity of the purchaser, for inclusion on the Form 4473. On each of the three occasions the defendant went to Colisimo's, a licensed firearms dealer located in Philadelphia and purchased the requested handgun. The defendant was well known by the employees of Colisimo's. On each occasion the defendant completed the purchaser's portion of the Form 4473, using the name, address, and physical description, etc., that had been supplied to him by the person for whom he was purchasing the handgun. At the end of the purchaser's portion of the Form 4473 are the following words:

I hereby certify that the answers to the above are true and correct. I understand that a person who answers any of the above questions in the affirmative is prohibited by Federal law from purchasing and/or possessing a firearm. I also understand that the making of any false oral or written statement or the exhibiting of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony.

Immediately above the quoted certification there is a line for the purchaser's signature. The defendant admitted that on this line he signed the name of the person for whom he purchased the handgun in each instance.

■ The defendant's first contention is that because he was well known at Colisimo's, the dealer could not have been deceived, and, therefore, the defendant's actions do not constitute a violation of 18 U.S.C. § 924(a). Title 18 U.S.C. § 924(a) does not require that the dealer be deceived. The facts that the defendant was known to the dealer and that the dealer may have had knowledge that the defendant was not the person described on the Form 4473 or that the 4473 certification had not been signed by that person, are not relevant.[1] As Section 101 of Pub.L. 90–618 explains,

> the purpose of this title is to provide support to Federal, State and local law enforcement officials in their fight against crime and violence . . . .

The statutory scheme provides for the maintenance of transaction records by firearms dealers, and for the inspection of those documents by agents of the United States Department of the Treasury. 18 U.S.C. §§ 921(a)(18) and 923(g). The accuracy of the information in the records is insured by the requirement that the purchaser and only the purchaser complete, sign and certify the accuracy of the answers given on the purchaser's portion of the Form 4473. To permit someone other than the actual purchaser to complete and sign the Form 4473 would defeat the plan designed by Congress to insure that truthful answers are given and that accurate records are available to law enforcement officials "in their fight against crime and violence" as provided by the act.

■ The defendant's second contention is that whenever all the other information in the purchaser's portion of the Form 4473 is accurate, the signing by the defendant of another's name in the purchaser's certification portion is not a violation of 18 U.S.C. § 924(a), in that the signature is not information required by the act. Section 924(a) prohibits the making of "any false statement or representation *with respect to the information required* . . . to be kept." It is obvious that the intent of the statute and the regulations is that the certification on the 4473 must be signed by the purchaser. The information required must be supplied and certified as correct by the purchaser. As we have heretofore pointed out, any other construction of the act and its regulations would not be in conformity with the purpose as expressed by Congress to "provide support to . . . law enforcement officials in their fight against crime and violence . . . ." In *United States v. Sullivan,* 459 F.2d 993 (8th Cir. 1972), the purchaser used an alias on the Form 4473, although all the other information which he supplied on the Form 4473 was correct. He was known, paid bills, contracted for services and had a driver's license in the alias which he used. In affirming the purchaser's conviction for violating § 924(a) the Eighth Circuit stated:

> Section 924(a) is in no way ambiguous and appellant fails to convince us that § 924(a) suffers any constitutional infirmity by not requiring an element of materiality.

> While the questioned language of § 924(a) is admittedly broad, the evils the

1. *See, for example, United States v. Long,* No. CR–74–155 (D.Ariz., filed Feb. 21, 1975), where the purchaser bribed a gun dealer to allow him to obtain two weapons under a false name. He was, nevertheless, found guilty of making false statements in connection with the acquisition of the firearms, in violation of 18 U.S.C. § 924(a). The conviction was upheld on appeal by the Ninth Circuit. 524 F.2d 660, 662 (9th Cir. 1975).

legislation was enacted to correct are also broad.

■ Defendant's final contention is that the element of intent to deceive should be read into 18 U.S.C. § 924(a), since this element appears in 18 U.S.C. § 922(a)(6), which also deals with misrepresentations made in connection with firearms transactions. We disagree. Since § 922(a)(6) does contain the words "intended . . . to deceive," there is no doubt that such a specific intent is required for a violation of that section. However, it is obvious that § 924(a) does not require a specific intent, since it does not contain such language. As pointed out in *United States v. Buck,* "Section 924(a) creates a separate statutory offense from that set forth in § 922(a)(6) . . . ." 548 F.2d 871, 876–77 (9th Cir. 1977). *Accord, United States v. Sullivan, supra* at 994.

■ Section 924(a) specifically states that a violation occurs whenever a person "*knowingly* makes any false statement or representation . . . ." In this case the jury was charged that an element of the offense under 924(a), which it had to find beyond a reasonable doubt, was that the defendant knowingly made a false statement or representation. Section 924(a) does not contain any words requiring specific intent. For instance, it does not contain the word "willfully." It is well recognized that when a statute uses the word "knowingly" the essential element is knowledge; whereas if the word "willfully" appears in the statute, specific intent must be proved beyond a reasonable doubt in order to obtain a conviction. Specific intent is not an element required for a violation of § 924(a).

■ In reviewing the denial of a motion for a judgment of acquittal, the pertinent question is whether the trial court had reason to believe that there was sufficient evidence on which the jury could find guilt beyond a reasonable doubt. *United States v. Leach,* 427 F.2d 1107 (1st Cir. 1970). It is not for the Court, ruling on a motion for a judgment of acquittal, to assess the credibility of a witness or to weigh the evidence. 2 Wright, *Federal Practice and Procedure:*

Criminal, § 467 at 259. Rather, the court must view the evidence in a light most favorable to the government. *Glasser v. United States,* 315 U.S. 60 (1942); *United States v. Armocida,* 515 F.2d 29 (3d Cir. 1975); *United States v. Pratt,* 429 F.2d 690 (3d Cir. 1970). Applying this test, and viewing the evidence most favorably to the government, we conclude that there was more than sufficient evidence for the jury reasonably to find the defendant guilty beyond a reasonable doubt.

Accordingly, an order will be filed denying the defendant's motion for a judgment of acquittal.