UNITED STATES of America, Appellee,

v.

Marvin BELL, Appellant.

No. 84–2268.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1985.

Decided June 25, 1985.

---

2.  See, *United States v. Kramel, supra.*

William P. Teevens, Minot, N.D., for appellant.

Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.

LAY, Chief Judge.

Marvin Bell, convicted on two counts of violating 18 U.S.C. §§ 111, 1114 (1982), appeals his conviction on the ground that there was insufficient evidence to find him guilty of the specific offense alleged in count two of the grand jury indictment. Bell also argues the district court's [1] responses to two questions from the jury were inconsistent and an abuse of the court's discretion. We affirm Bell's conviction.

On May 6, 1984 Bell was taken into custody by Kenneth Drags Wolf, Jr., a police officer employed by the Bureau of Indian Affairs in New Town, North Dakota. Bell allegedly was intoxicated and was in a domestic quarrel with his wife and children. As Bell and Drags Wolf exited Bell's home, Bell slammed the door in Drags Wolf's face, and began to run. Drags Wolf caught Bell, and Bell "swung his right hand toward [the officer] * * *." The two wrestled to the ground. Bell shook Drags Wolf loose, ran to the top of a nearby hill, and got in his pick-up truck. Thinking Bell would drive the truck down the northbound road, Officer Drags Wolf abandoned the chase and turned back down the hill to his police car. Suddenly, Bell made a 180 degree turn, and drove the pick-up down the hill at Drags Wolf. Drags Wolf tripped, fell, and rolled away as Bell sped past, missing Drags Wolf by a mere six inches. Bell was arrested two miles away when his truck ran out of gas.

After a jury trial, Bell was convicted on one count of assaulting with a dangerous weapon a federal officer engaged in the performance of his official duty and one count of assaulting and forcibly resisting and opposing a federal officer engaged in the performance of his official duty. He received a sentence of five years on the first count and a suspended sentence on the second count. Bell appeals only his conviction on the second count.

**Sufficiency of the Evidence**

Count two of the indictment charges Bell "willfully and forcibly did assault, resist, and oppose a Bureau of Indian Affairs

---

1. United States District Court for the District of North Dakota, the Honorable Bruce M. Van Sickle, presiding.

officer, Kenneth Drags Wolf * * * while Kenneth Drags Wolf was engaged in the performance of his official duties in that he struck at Officer Drags Wolf with his fists." Bell argues his conviction should be overturned because the evidence was insufficient to support a jury finding that Bell used his fists to assault Drags Wolf.

We find Bell's argument unpersuasive. There was sufficient evidence to find Bell struck or attempted to strike Officer Drags Wolf with his hand. The officer testified:

A. Okay. He came toward me and he swung his right hand toward me, and I blocked that * * *

Q. Did he strike you before you fell to the ground?

A. Yes.

Q. How many times?

A. Once.

The government was not required to prove any more than it did. There was clear evidence the assault took place, and whether Bell used his open hand or his fist in the initial scuffle is immaterial. The language in count two stating Bell "struck Officer Drags Wolf with his fists" is surplusage, and not an element of the charged offense. The indictment sufficiently charges an assault without the descriptive phrase. Harmless surplusage in Bell's indictment does not require a reversal of his conviction. *See, e.g., United States v. Mohr*, 728 F.2d 1132, 1134 (8th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 148, 83 L.Ed.2d 87 (1984); *United States v. Brown*, 604 F.2d 557, 560 (8th Cir.1979); *United States v. Archer*, 455 F.2d 193, 194 (10th Cir.), *cert. denied*, 409 U.S. 856, 93 S.Ct. 135, 34 L.Ed.2d 100 (1972).

**District Court's Response to Jury Questions**

Bell also contends his conviction on count two should be overturned because the district court abused its discretion in giving inconsistent and misleading responses to two questions from the jury. The two exchanges between the district court and the jury occurred approximately one and one half hours apart with the following notes being exchanged:

(JURY) Q. Do we judge on assault or the method of assault? The *indictment* says use of fists for assault. *Verdict* just says assault.

(THE COURT) A. The reference in the verdict is just a shorthand reference. The obligation of the United States is to prove every element of the offense which is recited in the indictment.

*  *  *  *  *  *

(JURY) Q. Are we obliged under the law to find the defendant "not guilty" if the evidence presented does not prove the specific type of assault (fists)? Or can we find him guilty of the charge if the evidence never presented this specific fact?

(THE COURT) A. The essential elements required to be proved in Count 2 are recited in instruction No. 14. In determining whether an assault occurred, you may consider all of the evidence received by the Court to that point.

We agree with the defendant the clear implication of the first answer of the district court was that the use of "fists for assault" set forth in the indictment was an element of the offense and had to be proved by the government. In contrast, the district court's answer to the second question told the jury the government only needed to prove the elements of the offense as set forth in instruction 14,[2] and omitted any reference to the means by which the assault took place.

Notwithstanding the inconsistency of the district court's responses, we affirm Bell's

---

2. Instruction 14 reads:

ESSENTIAL ELEMENTS—COUNT 2

There are two essential elements required to be proved in order to establish the offense charged in Count 2 of the indictment:

First: The act or acts of forcibly assaulting, resisting, opposing an officer of the Indian Field Service of the United States while such officer was engaged in the performance of his duties; and

Second: The doing of such acts willfully.

conviction on count two. There was sufficient evidence to allow the jury to infer Bell used his fist to strike Officer Drags Wolf. More importantly, the indictment's reference to Bell's use of his fists was surplusage. The court's first response indicating the government had to prove use of fists was thus harmless error, favoring rather than hurting Bell. If the defendant was convicted on the basis of the district court's response to the first question, the jury's guilty verdict reflects that it found the defendant guilty of using his fists. If the jury determined that the court's second response did not require them to find that fists were used, then the jury properly disregarded the court's first response and found Bell assaulted the officer. Either finding is supported sufficiently by the record.

 Bell argues that if the jury found an assault on count two and did not find that he had used his fists, then the jury was misled and may have based its finding on Bell's assault on the officer with the truck. Bell urges that both his assault convictions thus may have been founded on the same act. We disagree. The jury's questions to the district court demonstrate the jury was not concerned with the evidence relating to the first count, but was weighing only the proof going to count two. Further, instruction 14, referred to in the district court's second response, set forth only the elements of the offense charged in count two. We do not believe the jury was confused as to which evidence related to each of the two counts.

Accordingly, we affirm Bell's conviction.