**FEDERAL ELECTION COMMISSION, Plaintiff,**

v.

**JOHN A. DRAMESI FOR CONGRESS COMMITTEE and Russell E. Paul, as Treasurer of John A. Dramesi for Congress Committee, Defendants.**

**Civ. A. No. 85–4039.**

United States District Court, D. New Jersey.

July 25, 1986.

Federal Election Commission by Charles N. Steele, General Counsel, Ivan Rivera, Asst. Gen. Counsel and David I. Futter, Washington, D.C., for plaintiff.

Russell E. Paul, Woodbury, N.J., pro se.

## OPINION

COHEN, Senior District Judge.

This election law action comes before the Court on summary judgment motion by

plaintiff, Federal Election Commission, against defendant, Russell E. Paul, as Treasurer of John A. Dramesi for Congress Committee.[1] Because we find that there are no genuine issues of material fact and, as a matter of law, plaintiff is entitled to a judgment, its motion for summary judgment shall be granted.

## BACKGROUND

John A. Dramesi was a Republican candidate for the United States House of Representatives in 1982. His principal campaign committee was the John A. Dramesi for Congress Committee (Dramesi Committee), a defendant in this action. The treasurer of said committee, during the relevant time period, was defendant Russell A. Paul. On October 15, 1982, the New Jersey Republican State Committee (Republican Committee) made a $5,000.00 contribution to the Dramesi Committee which it did, in fact, receive. Accordingly, the Dramesi Committee duly reported said contribution to the Federal Election Commission (FEC) on the required election report forms. On October 26, 1983, on the basis of an internally-generated complaint, the Federal Election Commission found reason to believe, and thereafter found "probable cause", that the Dramesi Committee and Russell E. Paul, in his capacity as treasurer of the Dramesi Committee, violated 2 U.S.C. § 441a(f), a federal election statute. After reconciliation between the parties had failed, the FEC voted, in accordance with 2 U.S.C. § 437g(a)(6)(A), to initiate the instant suit. Plaintiff filed the complaint in this action on August 16, 1985.

Plaintiff complains that defendants, Dramesi Committee and its treasurer Russell E. Paul, violated 2 U.S.C. § 441a(f) which prohibits a candidate or political committee from "knowingly accept[ing] any contribution ... in violation of the provisions of this section." Plaintiff contends

that the $5,000.00 contribution to the Dramesi Committee from the Republican Committee violated 2 U.S.C. § 441a(a)(1)(A).[2] Plaintiff notes, in the instant motion, that although the statute at 2 U.S.C. § 441a(a)(2)(A) permits a multicandidate political committee to make a contribution not exceeding $5,000.00 to a candidate or his authorized political committee, the Republican Committee, at the time it made the contribution, was not such a multicandidate political committee. The FEC maintains that the Republican Committee had not been registered with the FEC as a multicandidate political committee for the necessary period of at least six months prior to the date on which the contribution was made. See, 2 U.S.C. § 441a(a)(4). In sum, plaintiff contends that Russell E. Paul, by accepting this improper contribution violated 2 U.S.C. § 441a(f).

Mr. Paul, in opposition to the summary judgment motion, contends that neither he nor the Dramesi Committee had any knowledge that the Republican Committee was not recognized by the FEC as a multicandidate political committee, and, as such, was ineligible to make a contribution in excess of $1,000.00. He urges that imposing a civil penalty under these circumstances would constitute a "gross miscarriage of justice" because he merely accepted a contribution, which seemed to be proper, from a state political committee.

## DISCUSSION

Summary judgment practice in this court is governed by Fed.R.Civ.P. 56, unaffected by state procedural rules. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 917 (6th Cir. 1982). Fed.R.Civ.P. 56 provides that summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

1. This Court earlier, on May 2, 1986, entered a default judgment in favor of plaintiff and against defendant, John A. Dramesi for Congress Committee, in the amount of $5,000.00.

2. That provision states: "No person shall make contributions to any candidate and his authorized political committees with respect to any election for Federal office which, in the aggregate, exceed $1,000.00."

and that the moving party is entitled to a judgment as a matter of law." The moving party bears the burden of demonstrating that there is clearly no genuine issue of fact; all doubts will be resolved against the moving party. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Janek v. Celebrezze*, 336 F.2d 828, 834 (3d Cir.1964). When a motion for summary judgment is supported by affidavits and other evidentiary matter sufficient to demonstrate that no issue of material fact remains, then the opposing party may not rest on his pleadings, but must set forth specific evidentiary matter showing that there are material issues of fact remaining. Fed.R.Civ.P. 56(e). *See Fireman's Insurance Co. of Newark, New Jersey v. DuFresne*, 676 F.2d 965, 969 (3d Cir.1982); Fed.R.Civ.P. 56(e) advisory committee note.

■ We agree with plaintiff that the Republican Committee, at the time it made the $5,000.00 contribution to the Dramesi Committee, was not an authorized multi-candidate political committee and therefore made the contribution in violation of 2 U.S.C. § 441a(a)(1)(A). We next must determine whether Mr. Paul, in accepting the contribution, violated 2 U.S.C. § 441a(f). That section provides as follows:

> No candidate or political committee shall knowingly accept any contribution or make any expenditure in violation of the provisions of this section. No officer or employee of a political committee shall *knowingly accept* a contribution made for the benefit or use of a candidate, or knowingly make any expenditure on behalf of a candidate, in violation of any limitation imposed on contributions and expenditures under this section. (Emphasis Supplied)

2 U.S.C. § 441a(f). It is uncontroverted that said contribution was accepted by defendant. The question presented is whether defendant "knowingly accepted" the contribution.

Plaintiff correctly points out that a "knowing" standard, as opposed to a "knowing and willful" one, does not re-

quire knowledge that one is violating a law, but merely requires an intent to act. *United States v. Marvin*, 687 F.2d 1221, 1225 (8th Cir.1982), *cert. denied*, 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983); *United States v. Mongiello*, 442 F.Supp. 835, 838 (E.D.Pa.1977). Specifically, a court dealing directly with the issue of "knowing acceptance" as used in 2 U.S.C. § 441a(f), has held that a party's knowledge of the facts rendering its conduct unlawful constitutes a "knowing acceptance". *See Federal Election Commission v. California Medical Association*, 502 F.Supp. 196, 203–204 (N.D.Cal.1980). Mr. Paul, as Treasurer of the Dramesi Committee, acted intentionally in accepting the $5,000.00 contribution in question, and was fully aware of the facts rendering his conduct unlawful.

■ Although Mr. Paul contends that he and the Dramesi Committee "had absolutely no knowledge that the Republican Committee was not properly qualified to make the contribution it did", Paul Aff. ¶ 2, and should not be faulted for assuming the propriety of the contribution, such an argument misses the mark. A contribution in excess of $1,000.00 is facially defective and requires further inquiry to determine whether it is made in violation of § 441a(f). The FEC's Regulations, particularly C.F.R. § 103.3(b), which provides guidelines to be followed by recipients of such contributions, require "[t]he treasurer [to] make his or her best efforts to determine the legality of the contribution". The contribution in question was in excess of $1,000.00 and therefore, at first blush, appeared to be illegal. Mr. Paul, therefore, had a duty to determine its propriety. Instead, he merely assumed from the source of the contribution that it was legal.

The "Index of Multicandidate Political Committees", an exhaustive list of such eligible committees, compiled by the FEC, was readily available to the defendants. This index is referred to in the *Campaign Guide For Congressional Candidates and Committees*, a guide which is provided to all committees and candidates registered

with the FEC. Defendant's claim that it had no way of knowing the contribution was illegal is therefore, unconvincing.

We hold that defendant Russell E. Paul, as Treasurer for the Dramesi Committee, "knowingly accepted" the Republican Committee's $5,000.00 contribution to the Dramesi Committee, and thereby violated 2 U.S.C. § 441a(f). We shall accordingly grant plaintiff's motion for summary judgment. The maximum civil penalty for violating 2 U.S.C. § 441a(f) is $5,000.00. 2 U.S.C. § 437g(a)(6)(B). Although there is some question whether, and to what extent, restitution has been made, such contentions by Russell E. Paul are not supported by affidavit or other documentation. We shall, therefore, award a judgment in favor of plaintiff and against defendant Russell E. Paul in the amount of $5,000.00.