# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-3189

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MATTHEW QUEEN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 03 CR 163—**Larry J. McKinney**, *Chief Judge.*

———————

ARGUED JANUARY 26, 2005—DECIDED MAY 12, 2005

———————

Before POSNER, MANION, and WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* Matthew Queen repeatedly falsified his address on Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473 when buying guns, and eventually entered a conditional guilty plea to one count of making a false statement to a federal firearms dealer, in violation of 18 U.S.C. § 922(a)(6). The district court sentenced Queen to 21 months' imprisonment and three years' supervised release. He argues on appeal, as he did in his motion to dismiss the indictment, that providing a false

address on a form 4473 is not a crime because a person's address is not "a fact material to the lawfulness of the sale" of a firearm.

## I.

Between late December 2000 and July 2001, Queen purchased 39 firearms from federally licensed dealers in the State of Indiana. The guns cost more than eleven thousand dollars, and at least eleven of them later were recovered at crime scenes in the Detroit and Chicago areas. Gun sale records linked the purchases back to Queen. For each purchase Queen completed an ATF Form 4473 requiring him to provide his "Residence Address," defined on the form as "No., Street, City, County, State, ZIP Code." On the forms he represented his address as 2072 Egret Court in Indianapolis, Indiana. Queen in fact had once lived in an apartment at 2072 Egret Court, but he did not live at this address when he completed the forms and bought the guns because he was evicted on December 18, 2000, for nonpayment of rent. Neither the government nor Queen presented evidence of his true address at the time of the gun purchases.

Queen moved to dismiss pursuant to Fed. R. Crim. P. 12(b)(3)(B), arguing that the indictment fails to allege an offense because, according to Queen, the address given in completing a Form 4473 is not material to the lawfulness of the sale of a firearm. The district court denied Queen's motion on the ground that every court to address the issue has rejected Queen's position. Queen then entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion to dismiss, and to withdraw his guilty plea if he prevails on appeal.

## II.

We review *de novo* Queen's challenge to the sufficiency of the indictment. *United States v. Daniels*, 387 F.3d 636, 638 (7th Cir. 2004). In Queen's view, the only fact about residence that is material to the lawfulness of a gun sale is the buyer's *state* of residence, a matter about which he told the truth.

Queen's only authority for his position is a district court opinion that has not been accepted by any circuit and in fact is not even good law in the district where the case was decided. He cites *United States v. Benton*, 329 F. Supp. 331, 332 (D. N.H. 1971), in support of his argument that "what is at issue in a firearms transaction is the state the purchaser lives in, not the street he lives on within that state." *Benton* held in 1971 that because no provision of the recently enacted Gun Control Act explicitly required a gun purchaser to disclose his true address, the accuracy of any address actually given could not be material to the lawfulness of the sale unless the government first proves that the buyer was not a resident of the same state as the dealer. 329 F. Supp at 332. This is so, according to the *Benton* court, because only the buyer's *state* of residence, not his specific address within the state, is relevant to the legality of the purchase. *See id.*; 18 U.S.C. § 922(b)(3).

We reject Queen's argument that gun buyers may lie about a street address so long as they live within the state where the gun is sold. Section 922(a)(6) requires a buyer to provide truthful information to a dealer about any fact material to the lawfulness of a firearm sale. 18 U.S.C. § 922 (a)(6). Section 922(b)(5) of Title 18 in turn requires the dealer to record the buyer's place of residence, thus making a firearm sale by a gun dealer illegal unless the dealer notes the

buyer's "place of residence" in records the dealer is required to maintain. Lastly, the Gun Control Act's implementing regulations require that a dealer record the buyer's "residence address (including county or similar political subdivision)" on Form 4473, which specifically asks for "No., Street, City, County, State, [and] ZIP Code." 27 C.F.R. § 478.124; ATF Form 4473. A false street address is therefore material to the lawfulness of the sale because, when the seller falsely represents his address on the form, the dealer fails to record the buyer's address, in violation of § 922(b)(5).

We are not alone in holding that an incorrect street address on an ATF 4473 Form is material. In *United States v. Crandall*, 453 F.2d 1216 (1st Cir. 1972), the First Circuit upheld a conviction under § 922(b)(6) where the defendant supplied a false name, address, and date of birth but was not otherwise a prohibited buyer. These false representations were material, the court explained, because residency is among the information that § 922(b)(5) obligates a seller to record. *Id* at 1217. The Fifth Circuit followed this logic in a case even more like ours, *United States v. Gudger*, 472 F.2d 566 (5th Cir. 1972), and explicitly held that giving a false residence address is a material misrepresentation even if the buyer lived within the state where the gun was sold. 472 F.2d at 567-68. The Fourth and Ninth Circuits, too, have held that falsifying a residence address is a material misrepresentation. *See United States v. Behenna*, 552 F.2d 573, 576 (4th Cir. 1977) ("Had the indictment . . . been drawn in different form, Behenna's false statement as to his residence *address* would have been sufficient to establish a violation of [§ 922(a)(6)]." (emphasis in original)); *United States v. Buck*, 548 F.2d 871, 876 (9th Cir. 1977) ("Falsification of identity is an element of 18 U.S.C. § 922(a)(6) and may be proved by evidence of use of a false name, age or place of residence.").

### III.

Lying about a street address on an ATF Form 4473 is a material misrepresentation that violates § 922(a)(6). Queen's indictment was therefore sufficient to support his conviction.

AFFIRMED.

A true Copy:

      Teste:

                           _____

                           *Clerk of the United States Court of*
                                 *Appeals for the Seventh Circuit*