**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie LAWRENCE; Dana M. Somogye,**
**Defendants-Appellants.**

**No. 81–3457.**

United States Court of Appeals,
Sixth Circuit.

Argued May 20, 1982.

Decided June 22, 1982.

Paul L. Geller, Cannon, Burns, Mickel, Geller & Abood, Toledo, Ohio (court-appointed), for Lawrence.

Paul D. Frankel, Konop, Skow, Weisburg & Dow, Toledo, Ohio, for Somogye.

Frederick H. McDonald, Asst. U. S. Atty., Toledo, Ohio, for United States.

Before KENNEDY and MARTIN, Circuit Judges, and GUY,* District Judge.

PER CURIAM.

This is a direct appeal of the convictions of Willie Lawrence and Dana Somogye for making false statements in connection with the purchase of firearms in violation of 18 U.S.C. § 922(a)(6). Initially we must dispose of counsel's motion regarding the death of Willie Lawrence. The government has made no objection to the motion and we vacate Lawrence's conviction and remand the case to the District Court for entry of an appropriate order.

Here, Somogye raises a novel, although specious argument. He admits that he and Lawrence knowingly purchased guns for an individual who could not legally buy them in his own name. However, he argues that because it was they who actually entered the gun store and paid for the weapons neither individual lied when they registered themselves as the buyers of the weapons.

This case was tried to the District Court on the basis of stipulated facts. Those facts reveal that a Mr. Hajjan, a Canadian citizen who was ineligible to purchase firearms, legally, approached the two men and offered to pay them if they would buy some guns for him. Somogye and Lawrence agreed, and the three went to a Toledo gun shop where Hajjan selected several guns and negotiated a price for them. Lawrence began filling out a Bureau of Alcohol, Tobacco and Firearms Form Number 4473. On the form, he identified himself as the "transferee" or "buyer" of the guns. Personnel at the store refused to complete the sale. They stated that since Hajjan and not Lawrence was the buyer it would be an illegal sale. Both Lawrence and Somogye heard the conversation regarding the illegality of the sale. The three men left the store empty-handed.

They then agreed that Somogye and Lawrence would go to another gun store alone and acquire handguns for Hajjan for the same $20–$40 fee per gun previously agreed upon. Hajjan gave Somogye approximately $1,500 to be used to pay for the weapons.

Somogye and Lawrence went to a second store where they bought five guns for approximately $1,360. Both men filled out

---

* Honorable Ralph B. Guy, Jr., District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

ATF Form 4473 in their own names stating that they were the transferees or buyers although neither man had any intention of actually keeping the weapons. They were subsequently indicted and arrested for making false statements in connection with the acquisition of firearms.

■ The foundation of Somogye's argument is that he and Lawrence were not agents of Hajjan but were instead middlemen who purchased the guns for resale to Hajjan. Hence, as principles, they were in fact the buyers of the weapons. This argument does not, however, conform to the facts of the case. Lawrence and Somogye were at all relevant times acting under the control and direction of Hajjan. They purchased the guns designated by Hajjan and did so with his money. The fixed commission they received further evidenced their role as agents. Therefore Lawrence and Somogye were not buyers and their statements on the forms were false in violation of 18 U.S.C. § 922(a)(6). Moreover the facts as stipulated show that they acted knowingly. That level of intent suffices under the statute; specific intent need not be shown, appellant's arguments to the contrary notwithstanding. *United States v. Cornett*, 484 F.2d 1365, 1368 (6th Cir. 1973).

The result we reach here is necessary if the intentions of Congress as revealed in the Gun Control Act of 1968[1] are to be followed. If sales such as this one were insulated from the law's registration provisions, the effect would be tantamount to a repeal of those provisions. Other courts have upheld convictions for gun registration violations predicated on sham transactions and we must do so here. *See, e.g., United States v. Brooks*, 611 F.2d 614 (5th Cir. 1980).

The judgment of conviction as to Dana Somogye is therefore affirmed. The judgment as to Willie Lawrence is vacated and remanded to the District Court.