**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 94-5554

WILLIE BEN BEAUFORT,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5002

MATTHEW J. PERRY,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-94-22)

Submitted: December 29, 1995

Decided: April 24, 1996

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina; Judith Archer, Chatham, New Jersey, for Appellants.

J. Preston Strom, Jr., United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Ben Beaufort appeals his conviction and his 24-month sentence for conspiracy to make false statements with respect to records kept by a federally licensed firearms dealer, 18 U.S.C. § 371 (1988) (Count 1); sale of a firearm to a convicted felon, 18 U.S.C. § 922(d)(1) (1988), 18 U.S.C.A. § 924(a)(2) (West Supp. 1995) (Count 10); and making false statements with respect to records kept by a firearms dealer, 18 U.S.C.A. § 924(a)(1) (West Supp. 1995), 18 U.S.C. § 2 (1988) (Counts 11, 12, 14). Matthew J. Perry appeals only his 33-month sentence for conspiracy (Count 1), making false statements to a firearms dealer (Count 12), and possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1995) (Count 13). Finding no error, we affirm Beaufort's convictions and each Appellant's sentence.

In October 1993, Anthony Brown, a confidential informant for the Bureau of Alcohol, Tobacco, and Firearms (ATF), purchased a firearm at the A & A Pawnbrokers in North Charleston, South Carolina. Willie Beaufort worked in the pawnshop. Anthony Brown told Beaufort that he had a prior felony conviction but wanted to buy a gun. Beaufort agreed to sell him a gun and instructed Brown to answer "No" to the questions on the federal and state forms. After Brown signed the forms, co-defendant Herman Young, the store owner, signed as the transferor. Brown then said he would like bring in some friends who were in the same situation as he, to which Beaufort was agreeable.

2

On November 2, 1993, Anthony Brown brought an undercover agent, Frank Preston, to the pawnshop and introduced him to Beaufort as "Flex." Beaufort would not allow Brown to be a straw purchaser for Preston because under South Carolina law only one firearm may be purchased in a 30-day period. Instead, Beaufort tried without success to find another person to complete the required forms.

On November 9, Beaufort telephoned Preston and asked whether he was still interested in buying a gun and would be willing to pay a straw purchaser for completing the forms. On November 12, Beaufort again called Preston and arranged to sell him three firearms through straw purchasers. Later that day, Preston went to the A & A Pawn Shop wearing a recorder. Beaufort filled out the required purchase form, co-defendant Jones Lowe signed the forms as the purchaser, and Young signed as the transferor. Preston gave Beaufort $25 for Lowe; Beaufort kept some for himself. Beaufort then directed Lowe to carry the firearm outside the store and hand it to Preston.

A short time later, a second purchase was made with Matthew Perry acting as the straw purchaser. Perry signed the forms, was paid, and afterward carried the firearm outside and handed it to Preston. Perry then asked Preston if he could earn more money by finding a third straw purchaser. After some delay, Perry brought in co-defendant Curtis Brown, who went through the same procedure to complete the sale.

Beaufort and Perry went to trial and attempted to persuade the jury that the straw purchasers did not make any false statements on the purchase forms because the firearms had in fact been transferred to the straw purchasers, however briefly. In his cross-examination of Agent Preston, Beaufort's attorney introduced the dictionary definitions of the words buyer, transferee, seller, and transferor, to establish the difference between a sale or purchase and a transfer. Defense counsel unsuccessfully sought a jury instruction on the meanings of these terms. However, the district court declined to give one, finding that the terms were used only on the ATF form, not in the statute, and were ordinary words which did not need special explanation. Beaufort was convicted of conspiracy, selling a firearm to a person he believed to be a convicted felon (Anthony Brown), and making false statements in connection with the straw purchases by Preston. Perry was

3

convicted of conspiracy, making false statements in connection with his straw purchase for Preston, and being a felon in possession of a firearm. He was acquitted of complicity in the straw purchase made by Curtis Brown.

Beaufort's Conviction and Sentence

Beaufort contends that he was not guilty of conspiracy to make false statements or of making false statements in connection with the straw purchases because he accurately represented each straw purchaser as the transferee, a term used on the ATF Form 4473. He argues that the statements he made were technically true because the firearm was momentarily transferred to the straw purchaser, even though he knew that the firearm was being purchased for Agent Preston with money supplied by Agent Preston and even though he believed Agent Preston to be a convicted felon. In effect, Beaufort contends that the straw purchases were perfectly legal.

To prove a violation of § 924(a)(1)(A) (charged in Counts 11, 12, and 14 in connection with the three straw purchases), the government was required to show that Beaufort made a false statement with respect to information that the law requires a federally licensed firearms dealer to keep. A conviction must be affirmed if there is substantial evidence, taken in the light most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proved to those sought to be proved. United States v. Tresvant , 677 F.2d 1018, 1021 (4th Cir. 1982).

The term used on the ATF Form 4473 is "Transferee (Buyer)." The essence of the offense is the deliberate sale of a firearm to a convicted felon who cannot legally purchase a firearm. United States v. Howell, 37 F.3d 1197, 1202 (7th Cir. 1994), cert. denied , 63 U.S.L.W. 3772 (U.S. Apr. 25, 1994) (No. 94-8594). Thus, the statements representing each of the straw purchasers as the transferee/buyer were false. Id.; United States v. Ortiz-Loya, 777 F.2d 973, 979 (5th Cir. 1985) (holding in prosecution under 18 U.S.C. § 922(a)(6) that straw purchaser makes a misstatement in signing ATF form which is misrepresentation of material fact); United States v. Lawrence, 680 F.2d 1126, 1128

4

(6th Cir. 1982) (holding in prosecution under § 922(a)(6) that straw purchaser is not transferee or buyer). Consequently, the evidence was sufficient to convict Beaufort of conspiracy and of the substantive counts of making false statements in connection with the three straw purchases.

In a related argument, Beaufort claims that, if the actual buyer of the firearm (the person who supplies the money and ultimately takes possession) is also the transferee, then he cannot be guilty under Count 10 of unlawfully selling a firearm to Anthony Brown, a convicted felon, because Brown was a straw purchaser for the ATF. He points out that the money for the purchase was supplied by ATF and ATF agents took possession of the firearm immediately after the sale.

This argument is meritless because § 922(d)(1) makes it crime to sell a firearm to a person either knowing or having reasonable cause to believe that the person is a convicted felon. Anthony Brown told Beaufort he had a prior felony conviction and Beaufort went ahead with the sale, instructing Brown to give false answers on the ATF form. The fact that it was a straw purchase for the ATF means that Brown did not commit a crime, but does not absolve Beaufort.

Beaufort also contends that the district court erred in refusing to instruct the jury on the legal meanings of the terms buyer, seller, transferee, and transferor. A district court's refusal to give an instruction requested by a defendant is reversible error only if the requested instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; (3) and dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (quoting United States v. Camejo, 929 F.2d 610, 614 (11th Cir.), cert. denied, 502 U.S. 880 (1991)).

Here, the terms buyer, seller, transferor, and transferee did not have special legal meaning which required explanation for the jury to understand either the elements of the offense or Beaufort's defense. Therefore, the district court did not err in declining to give the requested instruction.

5

In sentencing Beaufort, the district court refused him an acceptance of responsibility adjustment both because he had gone to trial and because he had used cocaine and crack while on pre-trial release. We review the court's factual finding concerning acceptance of responsibility under the clearly erroneous standard. United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991). Beaufort contends that, even though he went to trial, he was entitled to an acceptance of responsibility adjustment for two reasons: first, because he cooperated in the prosecution of the pawnshop owner after his conviction and, second, because he did not deny his actions but simply contested the applicability of the statute to his conduct. See USSG § 3E1.1, comment. (n.2). At the sentencing hearing, the government argued that Beaufort had not acknowledged the wrongfulness of his conduct. ATF Agent Paula Almond, responding to a question from Beaufort's attorney, expressed the same opinion.

The district court found that Beaufort's was not one of the rare cases in which a defendant who goes to trial can receive an acceptance of responsibility reduction. We agree. A defendant must admit guilty intent as well as the acts he committed. United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995). Because Beaufort did not unambiguously acknowledge his criminal conduct, the district court's determination was not clearly erroneous.

Perry's Sentence

Perry argued that he should be awarded a reduction for acceptance of responsibility because he was not intelligent enough to understand the illegality of his conduct before or after his conviction. We find that the district court did not clearly err in rejecting this contention.

Perry also argued that he was a minimal participant. A minimal participant is among the least culpable of those involved, as shown by his lack of understanding of the scope and structure of the activities of the others involved. USSG § 3B1.2, comment. (n.1). The district court found that Perry was not a minimal participant because there was evidence that Perry recruited Curtis Brown to be the third straw purchaser, and may have been paid for this service. The court's finding that Perry was a minor, but not a minimal, participant was not clearly erroneous.

6

We therefore affirm Beaufort's convictions and the sentences imposed on Beaufort and Perry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7