**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                          No. 95-5278

JEFF SMITH,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CR-94-90-D)

Argued: April 5, 1996

Decided: July 30, 1996

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Reversed and remanded by unpublished opinion. Senior Judge Butz-
ner wrote the opinion, in which Chief Judge Wilkinson and Judge
Michael joined.

_____

**COUNSEL**

**ARGUED:** Ray B. Fitzgerald, Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellant. Barbara Rubin Hudson, Dan-
ville, Virginia, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr.,
United States Attorney, E. Jackson Boggs, Jr., Law Intern, University
of Virginia School of Law, Charlottesville, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

BUTZNER, Senior Circuit Judge:

The government appeals the district court's judgment of acquittal overturning a jury conviction on charges of conspiracy. Because sufficient evidence supports the jury's verdict, we reverse the judgment and remand for reinstatement of the conviction.

I

Jeff Smith and a friend, Demetrius Dudley, selected a TEC-22 semi-automatic handgun and a .380 semi-automatic pistol in the Town Gun Shop in Collinsville, Virginia. Dudley attempted to purchase the guns, using his Virginia license as identification. The dealer informed him that he needed to present a second piece of identification, which Dudley lacked.

Dudley then told Smith that he would find someone else to buy the gun for him. Dudley called his uncle, Orpheus Scales, and asked him to purchase the gun. Scales declined, because he was a convicted felon, but he relayed the invitation to his fiancee, Flora Smith, who agreed to purchase the gun. Shortly thereafter, Flora Smith went to the gun shop and, without hesitation or inspection, asked to purchase the same two guns that Jeff Smith and Dudley had selected on their previous visit. She completed an ATF Form 4473, asserting that she was the purchaser of the guns. Flora Smith, Dudley, Scales, and Jeff Smith were all in the gun shop during the transaction.

The four then proceeded in two cars to Flora Smith's apartment, where Dudley paid Flora Smith approximately $130-140 for the TEC-22. Jeff Smith, according to the testimony of Flora Smith, gave her $30 to $40. Jeff Smith denied making this payment. Dudley and Jeff Smith then took the guns into nearby woods and shot at targets. Dudley took the TEC-22 to New York, where he sold it for about

2

$400. The whereabouts of the .380 are less certain--Dudley claims that it was stored outside Scales's mother's house, in an abandoned car in the backyard, until it was moved to Flora Smith's house.

A grand jury in the Western District of Virginia returned an indictment. The first count charged Dudley, Flora Smith, Jeff Smith, and Scales with conspiracy to acquire and transfer firearms in violation of 18 U.S.C. § 922 and § 371. The second and third counts charged Flora Smith with violating 18 U.S.C. § 922(a)(6) for knowingly making a false statement to a licensed firearms dealer. These two counts also charged Dudley and Jeff Smith with aiding and abetting Flora Smith in violation of 18 U.S.C. § 2.

Dudley, Scales, and Flora Smith all entered plea bargain agreements. A trial was held, with Jeff Smith as the sole defendant. The jury found Jeff Smith guilty on the first count and not guilty on the second and third counts of the indictment.

Jeff Smith's counsel then made a motion for judgment of acquittal notwithstanding the verdict. The district court granted this motion, reversing Smith's guilty verdict on the first count and exonerating the defendant on all charges.

II

A jury's verdict must be left undisturbed "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The standard of review is the same whether a defendant appeals a jury's guilty verdict or the government appeals the court's acquittal after a guilty verdict. United States v. Garcia, 868 F.2d 114, 115 (4th Cir. 1989). Where the evidence contains inconsistencies, it is for the jury to weigh the evidence and to judge the credibility of witnesses. See, e.g., United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to prove a conspiracy under 18 U.S.C. § 371, the government must prove an agreement among two or more persons to act together to commit an offense and an overt act in furtherance of the conspiracy. United States v. Chorman, 910 F.2d 102, 109 (4th Cir.

3

1990); 18 U.S.C. § 371 (1988). A "tacit or mutual understanding" among the alleged conspirators is sufficient to show a conspiratorial agreement. Chorman, 910 F.2d at 109 (quoting United States v. Reifsteck, 841 F.2d 701, 704 (6th Cir. 1988)). In addition, a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan. Id. Once the existence of a conspiracy is established, even a slight connection between the defendant and the conspiracy is sufficient to include him in the plan. United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir. 1980).

Jeff Smith had a "mutual understanding" with Scales, Dudley, and Flora Smith to violate 18 U.S.C. § 922(a)(6). A provision of this section makes it a crime for any person purchasing a gun from a licensed dealer to make any false statement intended to deceive the dealer about any fact material to the lawfulness of the sale. The seeds for the understanding were sown when Jeff Smith and Demetrius Dudley unsuccessfully attempted to purchase guns. Dudley responded by enlisting Flora Smith to accomplish the mission. She could do this only through the false assertion on ATF Form 4473 that the guns were for her use. All parties knew this. All parties were present when she purchased the guns and filled out the ATF form claiming the guns were for her use. Intentionally providing false information on an ATF Form 4473 constitutes a violation of § 922(a)(6). United States v. Hernandez, 913 F.2d 1506, 1513 (10th Cir. 1990). Dudley, Flora Smith, Scales, and Jeff Smith had at least a tacit understanding that Flora Smith would violate § 922(a)(6).

In addition to the agreement, there was an overt act in furtherance of the conspiracy. Flora Smith's completion of the ATF form and purchase of the guns satisfy the requirements of an overt act. Cf. United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1400 (4th Cir. 1993).

Once the existence of a conspiracy is established, only a slight connection is required to include an individual in the plan. Laughman, 618 F.2d at 1076. The record discloses enough connection to include Jeff Smith in the conspiracy. Flora Smith testified that the .380 was for either Dudley or Jeff Smith. Dudley was "adamant" that the .22 was for him. Also, Flora Smith's testimony discloses that, upon

4

returning to her apartment from the gun shop, Jeff Smith gave her thirty to forty dollars to partially reimburse her for the guns.

The fact that the jury acquitted Jeff Smith on the aiding and abetting charges in Counts 2 and 3 does not preclude a guilty verdict under Count 1. The jury could simultaneously have found Smith guilty of conspiracy and not guilty of aiding and abetting Flora Smith. In addition, consistency in the verdicts is not necessary; each count in an indictment "is regarded as if it was a separate indictment." Dunn v. United States, 284 U.S. 390, 393 (1932).

Because sufficient evidence supports the jury's verdict against Jeff Smith, we reverse the district court's acquittal on Count 1 and remand the case with directions to the district court to reinstate the verdict.

REVERSED AND REMANDED