**UNITED STATES of America**

v.

**Bruce James ABRAMSKI, Jr., Defendant.**

**Criminal Action No. 7:10CR00068.**

United States District Court, W.D. Virginia, Roanoke Division.

April 25, 2011.

Ashley Brooke Neese, Donald Ray Wolthuis, United States Attorneys Office, Roanoke, VA, for United States of America.

William Harrison Cleaveland, Roanoke, VA, for Defendant.

### *MEMORANDUM OPINION*

GLEN E. CONRAD, Chief Judge.

This case is presently before the court on the defendant's second motion to dismiss the indictment. The court held a hearing on the motion on April 22, 2011. For the reasons stated during the hearing and for those set forth below, the court will deny the defendant's motion.

#### *Background*

On November 18, 2010, the defendant, Bruce James Abramski, Jr., was charged in a two-count indictment returned by a grand jury in the Western District of Virginia. Count One charges that, on or about November 17, 2009, the defendant, in connection with the acquisition of a firearm, knowingly made a false and fictitious written statement to a firearms dealer, which was likely to deceive the dealer as to a fact material to the lawfulness of the sale of the firearm, in violation of 18 U.S.C. § 922(a)(6). Count Two charges, that on or about November 17, 2009, the defendant knowingly made a false representation in connection with his acquisition of a firearm to a federally licensed firearms dealer, with respect to information required by Chapter 44 of Title 18 to be kept in the dealer's records, in violation of 18 U.S.C. § 924(a)(1)(A). In both counts, the government specifically alleges that the defendant "represented that he was the actual

buyer of the firearm, when in fact, as the defendant ... then well knew, he was buying the firearm for another individual."

Both charges stem from a representation that the defendant made on a form completed during the firearm transaction, specifically Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473. Form 4473 "must be completed by a person purchasing a firearm from a federally-licensed firearms dealer." *United States v. Langley*, 62 F.3d 602, 603 n. 2 (4th Cir.1995); *see also* 27 C.F.R. § 478.124(a). One of the questions on the form (Question 11(a)) requires the person to certify that he is the "actual transferee/buyer of the firearm(s) listed on the form." The form then provides the following warning: "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you."

### Discussion

The defendant has moved to dismiss both counts of the indictment. The defendant argues that the "actual buyer" question on Form 4473 is not required by Chapter 44 of Title 18 of the United States Code. The defendant also argues that the question constitutes a substantive requirement created by the ATF, and that the ATF failed to comply with the notice and comment procedures required under the Administrative Procedure Act ("APA"). For the reasons that follow, the court concludes that the defendant's arguments are without merit.

### I. The identity of the actual buyer constitutes information required by statute to be kept by federal firearms licensees.

The defendant first argues that there is no statutory authority for the "actual buyer" question on Form 4473.

While the United States Court of Appeals for the Fourth Circuit has not had the opportunity to address this issue, the same argument has been addressed and rejected by two of its sister circuits.

In *United States v. Nelson*, 221 F.3d 1206 (11th Cir.2000), the Eleventh Circuit was presented with the question of whether the identity of the actual buyer of a firearm is the type of information required by Chapter 44 of Title 18 to be kept in the records of a licensed firearms dealer. *Nelson*, 221 F.3d at 1209. In answering the question in the affirmative, the Court emphasized that "[s]everal provisions in Chapter 44 of Title 18 of the United States Code ... require licensed firearms dealers to keep records containing information about the identity of individuals who buy firearms." *Id.* For instance, 18 U.S.C. § 922(b)(5) "makes clear that these records must contain, at a minimum, 'the name, age, and place of residence' of any individual who purchases a firearm from a licensed dealer." *Id.* (quoting 18 U.S.C. § 922(b)(5)). Additionally, "prior to selling a handgun to an individual 'transferee,' a licensed dealer must, under section 922(s)(3), obtain a statement from that transferee which contains 'the name, address, and date of birth appearing on a valid identification document ... of the transferee and a description of the identification used.'" *Id.* (quoting 18 U.S.C. § 922(s)(3)). The dealer must also verify the transferee's identification by examining the identification document described in the transferee's statement. *Id.; see also* 18 U.S.C. § 922(s)(1)(A)(i)(II). Based on the foregoing provisions, the Court held that "licensed firearms dealers are required to keep information about the identity of firearms buyers in their records" and, thus, that "false statements or representations relating to this information are prohibited under § 924(a)(1)(A)." *Id.*

The Eleventh Circuit went on to conclude that "the information required under § 922(b)(5) and § 922(s)(3) is information about the identity of the actual buyer, who supplies money and intends to possess the firearm, as opposed to that individual's 'straw man' or agent." *Id.* As the Court explained:

This information about the actual buyer's identity is necessary in order for the firearms dealer to ascertain whether that potential purchaser is in fact eligible to purchase a firearm under Chapter 44. *See* 18 U.S.C. § 922(b)(1)-(3) (making it unlawful for licensed dealers to sell firearms to individuals who are ineligible to purchase them as a result of restrictions imposed under state law or due to the individual's age or out-of-state residence). If an ineligible buyer could simply use a "straw man" or agent to obtain a firearm from a licensed dealer, the statutory scheme would be too easily defeated. *See United States v. Lawrence,* 680 F.2d 1126, 1128 (6th Cir. 1982) (affirming a "straw purchase" conviction under § 922(a)(6) and stating that "if sales such as this one were insulated from the law's registration provisions, the effect would be tantamount to a repeal of those provisions"); *United States v. White,* 451 F.2d 696, 699–700 (5th Cir.1971) (affirming a "straw purchase" conviction under § 922(a)(6), reasoning, "were the appellant's interpretation of the statute accepted, an individual could falsify the form and escape liability through an intermediary.... Surely, Congress could

not have intended to allow such easy evasion of a comprehensive scheme."). *Id.* at 1209–1210. Consequently, the Eleventh Circuit held that Congress intended for 18 U.S.C. § 924(a)(1)(A) to apply to the "straw purchase" situation presented in that case, where the defendants falsely "represented themselves to be the actual buyers of [the] firearms and filled out the ATF Form 4473 accordingly." *Id.* at 1210.

More recently, in *United States v. Soto,* 539 F.3d 191 (3d Cir.2008), the Third Circuit was presented with the same issue raised by the defendant, namely whether "the 'actual buyer' question on form 4473 [is] ... required to be kept by the federal firearms licensee." *Soto,* 539 F.3d at 197. Relying on *Nelson, supra,* the Third Circuit answered the question in the affirmative, and concluded that "the information [the defendant] falsely answered on the form 4473 was information that was [required by Chapter 44 of Title 18] to be kept in the records by the federal firearms licensee." *Id.* at 199. The Third Circuit agreed with the Court in *Nelson* that "to conclude otherwise would too easily defeat the statutory scheme." *Id.*

As stated during the hearing on the instant motion, this court finds the reasoning of the Eleventh and Third Circuits persuasive. For the reasons set forth in *Nelson* and *Soto,* the court concludes that the identity of the actual buyer is required by Chapter 44 of Title 18 and, thus, that the act of falsifying the identity of the actual buyer on Form 4473 constitutes a violation of 18 U.S.C. § 924(a)(1)(A).* *See*

---

* For the reasons stated during the hearing, the court likewise concludes that the identity of the actual buyer is material to the lawfulness of the sale of a firearm and, thus, that "the act of falsifying the identity of the 'actual buyer' on Form 4473 [constitutes] a violation of [18 U.S.C.] § 922(a)(6)." *United States v. Frazier,* 605 F.3d 1271, 1279–1280 (11th Cir.2010);

*see also United States v. Smith,* 1996 WL 423060, at *2, 1996 U.S.App. LEXIS 18839, at *6 (4th Cir. July 30, 1996) ("[Flora Smith] could [purchase guns] only through the false assertion on ATF Form 4473 that the guns were for her use. All parties knew this. All parties were present when she purchased the guns and filled out the ATF form claiming the

*also United States v. Wegg,* 919 F.Supp. 898, 902 (E.D.Va.1996) (quoting 18 U.S.C. § 924(a)(1)(A) and emphasizing that "[a] misrepresentation as to whom the intended transferee actually is by the straw purchaser, the classic straw purchase, falls within this language").

## II. *The defendant's argument under the APA is without merit.*

■ The defendant also asserts that the "actual buyer" question on Form 4473 is a substantive requirement created by the ATF, and that the ATF failed to publish any regulations regarding the requirement in violation of the APA. As the court explained during the hearing, however, this precise argument was also rejected by the Eleventh Circuit in *Nelson:*

> Nelson asserts, however, that his conviction must be reversed because the ATF rather than Congress developed the "straw purchase" theory of liability and, in doing so, the ATF usurped congressional power to define what conduct constitutes a crime. Nelson also contends that his prosecution under this theory was prohibited under the Due Process Clause of the Fifth Amendment because the theory is unconstitutionally vague. Finally, Nelson claims that the ATF has failed to publish any regulations about the "straw purchase" theory, in violation of the APA, 5 U.S.C. § 552(a)(1).
>
> All of Nelson's arguments are without merit. First, the basis for his conviction is § 924(a)(1)(A), which, as already indicated, clearly contemplates liability for the type of "straw purchases" at issue here. In other words, Nelson's offense was created and defined by Congress, and not by an impermissible delegation of legislative authority to the ATF. Sec-

ond, we conclude that Nelson's conviction under the "straw purchase" theory does not violate due process because this statute provides sufficient notice and does not encourage arbitrary and discriminatory enforcement. Finally, because Congress established this "straw purchase" liability with sufficient definiteness, Nelson was clearly convicted of violating a statute. He was not convicted of violating merely an unpublished agency interpretation of that statute. Therefore, Nelson's APA claim is without merit.

*Nelson,* 221 F.3d at 1210.

Having considered the defendant's argument, the court finds the Eleventh Circuit's rationale persuasive. For the reasons stated in *Nelson,* the court likewise concludes that the statutes set forth in Chapter 44 of Title 18 clearly criminalize the conduct that is alleged to have occurred in this case; that the defendant is not charged with violating merely an unpublished agency interpretation of the statutes; and, thus, that the defendant's argument under the APA is without merit.

### Conclusion

For the reasons stated, the court will deny the defendant's second motion to dismiss the indictment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

### *ORDER*

In accordance with the accompanying memorandum opinion, it is hereby

### ORDERED

guns were for her use. Intentionally providing false information on an ATF Form 4473 constitutes a violation of § 922(a)(6).").

that the defendant's second motion to dismiss the indictment is **DENIED.**

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to all counsel of record.